STATE OF CONNECTICUT *v.* LUIS LARACUENTE
(13165)

HEALEY, CALLAHAN, GLASS, COVELLO and HULL, Js.

*(One justice dissenting)*

---

Argued October 9—decision released December 15, 1987

*Thomas J. Ullmann,* assistant public defender, for the appellant (defendant).

*Leah Hawley,* deputy assistant state's attorney, with whom, on the brief, was *David Gold,* assistant state's attorney, for the appellee (state).

HULL, J. The defendant appeals from the judgment of conviction after a jury trial of risk of injury to a child by doing an act likely to impair her morals in violation of General Statutes § 53-21[1] and of sexual assault in the fourth degree in violation of General Statutes § 53a-73a (a) (1) (A).[2] He claims that: (1) the trial court erred in refusing to order the state to specify the particular date on which the sexual assault occurred; (2) there was insufficient evidence from which the jury

[1] "[General Statutes] Sec. 53-21. INJURY OR RISK OF INJURY TO, OR IMPAIRING MORALS OF, CHILDREN. Any person who wilfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation that its life or limb is endangered, or its health is likely to be injured, or its morals likely to be impaired, or does any act likely to impair the health or morals of any such child, shall be fined not more than five hundred dollars or imprisoned not more than ten years or both."

[2] "[General Statutes] Sec. 53a-73a. SEXUAL ASSAULT IN THE FOURTH DEGREE: CLASS A MISDEMEANOR. (a) A person is guilty of sexual assault in the fourth degree when: (1) Such person intentionally subjects another person to sexual contact who is (A) under fifteen years of age . . . ."

could have convicted him of doing an act likely to impair the morals of a child; and (3) the court's instruction to the jury on the charge of risk of injury to a child created a conclusive presumption as to one of the essential elements of the crime or shifted the burden of proof to the defendant.

The first claim of error relates to both counts of the information. The second and third claims relate only to the charge of doing an act likely to impair the victim's morals.

The victim's mother was the only witness to testify at the trial. The defendant did not cross-examine her. The jury could reasonably have found the following facts. In June or July of 1984, the victim, who was six years old, lived with her mother and the defendant, her mother's boyfriend, in a one bedroom apartment in New Haven. There were two beds in the bedroom separated by two dressers between them. On a night in June or July of 1984, the defendant and the victim's mother went to sleep together in one bed and the victim in the other. The victim's mother woke up during the night to find that the defendant was not in bed with her. She walked over to the victim's bed and found the defendant lying on his back beside her. He was fondling the victim's vagina, had an erection, and was masturbating. The victim was sleeping at the time. The victim's mother asked the defendant what he was doing and he got up. The next day she informed someone "in their professional capacity" about the incident but she did not inform the police. Sometime later she told her sister of the incident and moved into the sister's house.

The substitute information charged that the defendant during June or July, 1984, impaired the morals of the victim and subjected her to sexual assault in the fourth degree. The defendant argues that in view of his hospitalization for two to three weeks during this

two month period the lack of a more specific date of the alleged crime prevented him from preparing an adequate defense. He claims that had the crime allegedly occurred when he was in the hospital he would have had a "very strong" alibi. The defendant on three separate occasions moved for a bill of particulars setting forth a specific date or dates of the occurrence, all of which motions were overruled by the court. The state in response to oral argument said that it would attempt to narrow down the time period. When it filed the final substitute two count information, it fixed the date of the incident alleged to the months of June or July, 1984.

I

The defendant claims as error the trial court's refusal to order the state to specify the particular date of the alleged incident.

The sixth amendment to the United States constitution and article first, § 8, of the Connecticut constitution guarantee a criminal defendant the right to be informed of the nature and cause of the charges against him with sufficient precision to enable him to meet them at trial. *State* v. *Cates,* 202 Conn. 615, 625–26, 522 A.2d 788 (1987); *State* v. *Franko,* 199 Conn. 481, 490, 508 A.2d 22 (1986); *State* v. *Stepney,* 191 Conn. 233, 240, 464 A.2d 758 (1983), cert. denied, 465 U.S. 1084, 104 S. Ct. 1455, 79 L. Ed. 2d 772 (1984). "[That] the offense should be described with sufficient definiteness and particularity to apprise the accused of the nature of the charge so he can prepare to meet it at his trial . . . are principles of constitutional law [that] are inveterate and sacrosanct." *State* v. *Sumner,* 178 Conn. 163, 166, 422 A.2d 299 (1979); *State* v. *Scognamiglio,* 202 Conn. 18, 22, 519 A.2d 607 (1987); *State* v. *Franko,* supra; *State* v. *Stepney,* supra. If the defendant seeks a more precise statement of the offense charged in the information, he may file a motion for a bill of particu-

lars requesting reasonable notice of the date, time and place of the commission of the crime charged. Practice Book §§ 831, 832; *State* v. *Stepney,* supra, 240–41. The defendant has the burden of showing why the particulars are necessary to the adequate preparation of his defense. *State* v. *Stepney,* supra. The denial of a motion for a bill of particulars is within the sound discretion of the trial court and will be overturned only upon a clear showing of prejudice to the defendant. *State* v. *Frazier,* 194 Conn. 233, 237, 478 A.2d 1013 (1984); *State* v. *Stepney,* supra.

"The state has a duty to inform a defendant, within reasonable limits, of the time when the offense charged was alleged to have been committed. The state does not have a duty, however, to disclose information which the state does not have. Neither the sixth amendment [to] the United States constitution nor article first, § 8 of the Connecticut constitution requires that the state choose a particular moment as the time of an offense when the best information available to the state is imprecise." *State* v. *Stepney,* supra, 242.

The test is that of reasonableness. *People* v. *Morris,* 61 N.Y.2d 290, 295, 461 N.E.2d 1256, 473 N.Y.S.2d 769 (1984), citing *United States* v. *Cruikshank,* 92 U.S. 542, 566, 23 L. Ed. 588 (1876). "[W]here time is not of the essence or gist of the offense, the precise time at which it is charged to have been committed is not material." *State* v. *Hauck,* 172 Conn. 140, 150, 374 A.2d 150 (1976). The defendant admits that time was not an essential element of the crimes charged against him. *State* v. *Ramos,* 176 Conn. 275, 277, 407 A.2d 952 (1978). The defendant claims, however, in reliance on dicta in *State* v. *Horton,* 132 Conn. 276, 277, 43 A.2d 744 (1945), that time may become an essential factor if "the date should become material in some way, as where a defense of alibi is to be made." See *State* v. *Ferris,* 81 Conn. 97, 100, 70 A. 587 (1908); *State* v. *Bowman,* 3 Conn. App. 148, 155, 485 A.2d 1343 (1985).

The defendant claims actual prejudice in the preparation and presentation of his defense because of the lack of specificity of the date of the crimes charged against him. *State* v. *Orsini,* 187 Conn. 264, 274–75, 445 A.2d 887, cert. denied, 459 U.S. 861, 103 S. Ct. 136, 74 L. Ed. 2d 116 (1982). In *State* v. *Stepney,* supra, 240, the trial court faced a similar claim concerning an alibi defense, where the bill of particulars stated that the crime of murder was committed within a seven hour time frame. This court found no error in the trial court's denial of the defendant's motion for a further bill of particulars. This court stated: "That a defendant may offer an alibi defense is a factor to be considered by the court in deciding whether to grant a motion under Practice Book § 832, but an alibi defense does not create a per se requirement that the state limit the times in the information more narrowly than the evidence available warrants. Whether the evidence available to the state has shown beyond a reasonable doubt that the defendant was at the scene of the crime at a time when it could have been committed is an issue for the jury to determine." Id., 241 n.4.

The defendant states in his brief that defense counsel offered the hospital records to the trial court if the court wished to view them. The record reflects no action by the court on this offer. No finding was made by the court or requested by the defendant as to the dates claimed to be contained in the proffered material. No specific offer of proof was made. Nor did the defendant seek to make the proffered evidence an exhibit for identification so that we could examine it to determine the claimed dates of the defendant's hospitalization. The defendant did not offer any alibi evidence at trial.

It is the appellant's burden to furnish a record adequate to raise a claimed error. *Grunschlag* v. *Ethel Walker School, Inc.,* 189 Conn. 316, 320, 455 A.2d 1332

(1983); *Kaplan* v. *Kaplan,* 186 Conn. 387, 388, 441 A.2d 629 (1982). The defendant has failed to show that the court's decision denying his motion for a bill of particulars alleging a more specific date for the crimes charged was clearly prejudicial. *State* v. *Frazier,* 194 Conn. 233, 237, 478 A.2d 1013 (1984).

## II

The defendant claims that the evidence of impairing the morals of a child was insufficient since the child was asleep when the act was committed.

The defendant was charged in count one with "engag[ing] in conduct likely to impair the morals of a child under the age of sixteen, to wit: the said defendant laid in bed with six year old M., fondled her genital area and masturbated himself, such conduct being in violation of section 53-21 of the Connecticut General Statutes." Following the jury's verdict, the defendant filed a motion for judgment of acquittal pursuant to Practice Book §§ 897 and 899 claiming insufficiency of the evidence that the act in question was likely to impair the victim's morals. The court denied this motion.

On appeal we must determine whether " 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. . . .' " (Emphasis in original.) *State* v. *Scielzo,* 190 Conn. 191, 197, 460 A.2d 951 (1983), quoting *Jackson* v. *Virginia,* 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560, reh. denied, 444 U.S. 890, 100 S. Ct. 195, 62 L. Ed. 2d 126 (1979). It is within the province of the jury to draw reasonable and logical inferences from the facts proven. *State* v. *Carter,* 196 Conn. 36, 44, 490 A.2d 1000 (1985). Nor must we or the jury abandon common sense. The state had to prove the following elements: (1) that the victim was less than sixteen

years old; (2) that the defendant had perpetrated an act upon the victim; (3) that this act was likely to impair her morals; and (4) that the defendant had a general criminal intent to perform such act. See *State* v. *Martin,* 189 Conn. 1, 8, 454 A.2d 256, cert. denied, 461 U.S. 933, 103 S. Ct. 2098, 77 L. Ed. 2d 306 (1983). The defendant concedes that the evidence supported a finding that an act occurred upon a minor child and that inferences could be drawn from the defendant's conduct concerning his general intent to commit the act. He also concedes that the state does not have to prove that the morals of the child were impaired but only that the conduct or acts of the defendant were such that the morals of the child were likely to be impaired. See *State* v. *Palozie,* 165 Conn. 288, 292, 334 A.2d 468 (1973). The defendant makes only the narrow claim that where the minor victim was asleep at the time of the act involved, no reasonable trier of fact could conclude that the act committed upon the child was "likely to impair her morals." He claims that likelihood of impairment of morals requires consciousness and that the mere touching of a sleeping child, without any additional evidence, is insufficient to sustain the state's burden of proof.

Neither the defendant nor the state can cite any authority concerning this precise issue.

The jury may appropriately base upon the defendant's acts a conclusion that the morals of the child were likely to be impaired. *State* v. *Pickering,* 180 Conn. 54, 66, 428 A.2d 322 (1980).[3] Although the defendant in his brief adverts to the touching of the victim's genitals, the witness described the act as "fondling" of the genital area. The defendant does not challenge the court's instructions to the jury on the definition of the

[3] The defendant did not brief the claim made in his statement of this issue that expert testimony was necessary concerning acts perpetrated upon sleeping minor children. This element of claimed error is deemed abandoned.

key terms involved. The court instructed the jury that "likely" means "probable" or "in all probability;" that the term "impair" means "to weaken, to make worse, to lessen in power, diminish or otherwise affect in an injurious manner," and that the term "morals" means "good, moral living, acting and thinking in accordance with those principles and precepts which are commonly accepted among us as right and decent." The defendant did not except to the court's instructions because of the court's failure to instruct the jury that the victim must have been aware of his acts but only claims error on the grounds of insufficiency of the evidence.

"This court's opinions pursuant to Sec. 53-21 make it clear that the deliberate touching of the private parts of a child under the age of sixteen in a sexual and indecent manner is violative of that statute." *State* v. *Pickering,* supra, 64. It was not necessary for the state to prove the child's awareness of the act. It was well within the jury's province to draw reasonable inferences from proven facts that it was likely that the child would waken fully or partially during the act with resultant impairment of her morals. The court did not err in denying the defendant's motion for judgment of acquittal.

### III

The defendant's third claim of error attempts to magnify a single statement in the court's charge into an error of constitutional dimensions.

The defendant claims that by instructing the jury that the act itself is determinative of whether the child's morals were apt to be impaired, the trial court unconstitutionally created a conclusive presumption or shifted the burden of proof to the defendant in violation of *Sandstrom* v. *Montana,* 442 U.S. 510, 521–23, 99 S. Ct. 2450, 61 L. Ed. 2d 39 (1979). *State* v. *Williams,* 199 Conn. 30, 34, 505 A.2d 699 (1986); *State* v.

*Theriault,* 182 Conn. 366, 378–79, 438 A.2d 432 (1980); *State* v. *Harrison,* 178 Conn. 689, 695, 425 A.2d 111 (1979).

A party is not entitled to a charge which is beyond criticism in every particular. *State* v. *Harman,* 198 Conn. 124, 134, 502 A.2d 381 (1985). The charge should not be "critically dissected for the purpose of discovering possible inaccuracies of statement, but it is to be considered rather as to its probable effect upon the jury in guiding them to a correct verdict in the case." *State* v. *Shindell,* 195 Conn. 128, 143, 486 A.2d 637 (1985). This court must determine whether in light of the charge as a whole it is reasonably possible that the jury was misled. *State* v. *Jones,* 193 Conn. 70, 90, 475 A.2d 1087 (1984).

The language objected to is as follows: "Under this part the defendant need not have specifically intended to impair the morals of the child. It is the act itself which determines whether or not there has been a violation of the statute." An examination of the charge reveals that the court on four separate occasions instructed the jury that the state must prove that the defendant did an act which was likely to impair the morals of a child. It stressed repeatedly the doing of the act and the concomitant requirement that such act be likely to impair the morals of a child. The portion of the charge objected to is preceded by the statements: "I would further point out to you that the requirement is not for a specific intent. It does not have what we call a specific intent requirement, merely a general intent." It thus becomes clear that the statement that "[i]t is the act itself which determines whether or not there has been a violation of the statute" is meant to point out to the jury that no specific intent to impair the morals of a child is required. This one statement in isolation did not unconstitutionally create a conclu-

sive presumption or shift the burden of proof to the defendant. It is not reasonably possible the jury was misled.

There is no error.

In this opinion CALLAHAN, GLASS and COVELLO, Js., concurred.

ARTHUR H. HEALEY, J., dissenting. I agree that the trial court did not err in refusing to order the state to specify the particular date on which the sexual assault occurred. I do not agree that there was sufficient evidence from which the jury could legally reach its verdict of guilty on the charge that the defendant did an act likely to impair the morals of a child in violation of General Statutes § 53-21.[1]

---

[1] I agree with the majority that the state had to prove the four elements essential for a guilty conviction under General Statutes § 53-21 which it sets out in its opinion citing *State* v. *Martin*, 189 Conn. 1, 8, 454 A.2d 256 (1983).

I seriously question the majority's analysis of the defendant's claim that the trial court's jury instructions on the risk of injury "created a conclusive presumption [as to one of the essential elements of the crime] or shifted the burden of proof to the defendant." The majority's conclusory declaration that in context "[i]t thus becomes clear that the statement that '[i]t is the act itself which determines whether there has been a violation of the statute' is meant to point out to the jury that no specific intent to impair the morals of a child is required" at least inadvertently overlooks the formulation of the four essential elements of § 53-21 required by *State* v. *Martin*, supra. It is not the *act itself* that determines whether there has been a violation of the statute; it is proof of each of the four essential elements. "Instructions should be reviewed, inter alia, in terms of their effect upon the jurors who heard them . . . and so are to be read 'to convey normal meanings to the jurors in the context of the case in which they are given' . . . and 'as the jury might reasonably understand . . . [them].' " *State* v. *Corchado*, 188 Conn. 653, 666, 453 A.2d 427 (1982). Common sense suggests that this instruction could reasonably be understood, at the very least, to blur the individuality of two of the four essential elements: that the defendant had perpetrated an act upon the victim *and* that this act was likely to be injurious to her morals. See *State* v. *Martin*, supra.

There is no problem with the statement of the majority that, in determining the sufficiency of the evidence claim, "we must determine whether ' "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. . . ." ' (Emphasis in original.) *State* v. *Scielzo,* 190 Conn. 191, 197, 460 A.2d 951 (1983), quoting *Jackson* v. *Virginia,* 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)." It is also the jury's prerogative to draw reasonable and logical inferences from the facts found proven. *State* v. *Carter,* 196 Conn. 36, 44, 490 A.2d 1000 (1985). "A reasonable inference is a conclusion arrived at by a process of reasoning. This conclusion must be a rational and logical deduction from facts admitted or established by the evidence, when such facts are viewed in the light of common knowledge or common experience." *Samora* v. *Bradford,* 81 N.M. 205, 207, 465 P.2d 88 (1970). We have acknowledged, as we must, that " '[j]urors are not "expected to lay aside matters of common knowledge or their own observation and experience of the affairs of life, but, on the contrary, to apply them to the evidence or facts in hand, to the end that their action may be intelligent and their conclusions correct." (Citations omitted.)' " *State* v. *Scielzo,* supra, 198 n.11, quoting *Frankovitch* v. *Burton,* 185 Conn. 14, 22, 440 A.2d 254 (1981); see *State* v. *Little,* 194 Conn. 665, 673–74, 485 A.2d 913 (1984).

The child in this case was admittedly asleep throughout this bizarre episode. There is not one word of evidence in this case that she was ever anything but asleep. There is, therefore, not even a scintilla of evidence upon which the jury could base any reasonable inference that the child was aware in any fashion of her "victimization" by the defendant. This is so no matter how much common sense is factored into the deliberations of the

trier of fact. In the Connecticut cases cited by the majority and those construing this statute which are not cited, the victim has actually been a victim because he or she has been *aware* of the reprehensible conduct of the defendant involved. Therefore, under the majority opinion, we are left with the "victimization" of a child who was obviously unaware at all relevant times of the defendant's conduct. The § 53-21 count of the substitute information charged specifically that the defendant "engaged in conduct likely to impair the morals of a child under the age of sixteen," and it specifically named that child. No amount of judicial gloss can alter the lack of any basis in the evidence for a reasonable inference that this conduct was likely to impair this child's morals. No amount of judicial gloss can analytically supply a legislative intent that a child's morals are likely to be impaired under the circumstances of this case.

Even though the child was only six years old at the time and perhaps could well not have comprehended the nature of the defendant's action had she been awake, she would have, at the very least, been *aware* of his actions. Was § 53-21 ever intended to apply to such circumstances? I think not.

The defendant was also found guilty of the second count of the information of that charge that should have been *the* charge. That was one of sexual assault in the fourth degree in violation of General Statutes § 53a-73a (a) (1) (A). In its instructions, the trial court charged the jury that "[s]exual contact . . . means any contact with the intimate parts of a person not married to the actor for the purpose of sexual gratification of the actor and that is pleasure, satisfaction or delight of the actor or in this instance, the defendant." No error is assigned to this instruction. The conviction under that statute does not depend on whether the victim is sleep-

ing. The second count of sexual assault in the fourth degree was *that* charge that was adapted to the law and the evidence in this case.

It can fairly be said that few, if any, acts overcome reasonable persons with more disgust and abhorrence than the sexual abuse of children. That, however, does not bar enforcing the rule of law in such a case, as it is here, where the evidence is patently insufficient to sustain a conviction on the first count in violation of § 53-21. I would, therefore, find error on the conviction of the charge under § 53-21 and direct a judgment of acquittal on that charge. I would, however, find no error on the count charging the violation of § 53a-73a (a) (1) (A).

Therefore, I dissent.