## STATE OF CONNECTICUT *v.* JAMES F. HICKEY
## (8729)

DALY, O'CONNELL and FOTI, Js.

Argued November 2, 1990—decision released January 8, 1991

*Edward J. Daly, Jr.,* with whom, on the brief, was *George A. Silvestri,* for the appellant (defendant).

*Carolyn K. Longstreth,* assistant state's attorney, with whom, on the brief, were *John M. Bailey,* state's attorney, and *Edward Wilson,* assistant state's attorney, for the appellee (state).

O'CONNELL, J. The defendant appeals from his conviction, after a jury trial, of one count of risk of injury to a child in violation of General Statutes § 53-21 and one count of sexual assault in the second degree in violation of General Statutes § 53a-71 (a) (1). The defendant claims that the trial court improperly (1) denied his motion to require the victim to submit to a physical examination, (2) failed to require the state to specify the exact date of the offenses, (3) failed to strike the victim's reference to prior uncharged sexual contact with the defendant and to give, sua sponte, a limiting instruction to the jury immediately after the admission of evidence of prior misconduct, (4) allowed testimony to be reread to the jury, and (5) failed to grant his request to charge the jury on uncorroborated or vague testimony. We affirm the judgment of the trial court.

The jury could reasonably have found the following facts. The defendant lived with the fourteen year old victim's grandmother, whom the victim was visiting on the day of the crime. At a time when they were alone in the grandmother's apartment, the defendant partially removed the victim's clothing and engaged in vaginal intercourse with her.

I

The defendant first challenges the trial court's denial of his motion to require that the victim be medically examined to determine if at any time in her life, up until the time of the trial, she had engaged in sexual inter-

course. In support of his motion, the defendant argued that a physician from the University of Connecticut Medical Center had advised him that it was possible to determine virginity through a gynecological examination. Defense counsel also represented to the court that the victim's hymen was still intact in the opinion of a nurse practitioner who had examined her. The defendant argues that an intact hymen is a physical condition that is inconsistent with the victim's complaint.

The physician, however, did not testify and the argument of counsel is not a substitute for evidence. *State v. Franko,* 199 Conn. 481, 486–87, 508 A.2d 22 (1986). Although the nurse practitioner testified, she did not fulfill the defendant's expectations that she would state that the victim's hymen was intact. Instead, she testified that the victim's genitals were normal and not indicative of whether her vagina had been penetrated.

Moreover, our statutory and case law both provide that "[p]enetration, *however slight,* is sufficient to complete vaginal intercourse . . . ." (Emphasis added.) General Statutes § 53a-65 (2); *State v. Dubina,* 164 Conn. 95, 97, 318 A.2d 95 (1972). Accordingly, there was no showing that an intact hymen was inconsistent with the defendant's guilt. The defendant has failed to establish a nexus between the proffered evidence of virginity and a material fact or issue involved in the case. See *State v. Franko,* supra, 487. Phrased differently, he has not established a factual foundation for the relief requested. Therefore, the trial court properly denied the defendant's motion for a physical examination of the victim.

II

The defendant next claims that the trial court improperly refused to require the state to specify the exact date on which the crimes allegedly occurred. The sub-

stitute information charged the defendant with having committed the crimes "on or about July, 1988."

The victim was unable to recall the exact date and the law does not require the state to furnish information that the state does not have. *State* v. *Laracuente,* 205 Conn. 515, 519, 534 A.2d 882 (1987), cert. denied, 485 U.S. 1036, 108 S. Ct. 1598, 99 L. Ed. 2d 913 (1988). A time period of one month was as specific as the evidence warranted and was more specific than has been found constitutionally sufficient in other cases. See *State* v. *Blasius,* 211 Conn. 455, 461, 559 A.2d 1116 (1989) (between January 1, 1985, and June 22, 1985); *State* v. *Laracuente,* supra, 521 (June or July, 1984). Our courts have consistently confirmed an information's constitutional sufficiency as long as the time period alleged has a distinct beginning and an equally clear end. *State* v. *Saraceno,* 15 Conn. App. 222, 237, 545 A.2d 1116, cert. denied, 209 Conn. 823, 824, 552 A.2d 431, 432 (1988). Although the state does have a duty to inform a defendant, within reasonable limits, of the time when the charged offense allegedly occurred, the state does not have a duty to disclose information that it does not possess. See *State* v. *Spigarolo,* 210 Conn. 359, 386, 556 A.2d 112, cert. denied, 493 U.S. 933, 110 S. Ct. 322, 107 L. Ed. 2d 312 (1989). The time period alleged in the present case meets this standard.

It is the defendant's burden to demonstrate why the precise date is necessary for the adequate preparation of the defense. *State* v. *Laracuente,* supra, 519. Difficulty in presenting an alibi defense without knowledge of the exact date does not warrant dismissal or the reversal of a conviction. *State* v. *Mancinone,* 15 Conn. App. 251, 257, 545 A.2d 1131, cert. denied, 209 Conn. 818, 551 A.2d 757 (1988), cert. denied, 489 U.S. 1017,

109 S. Ct. 1132, 103 L. Ed. 2d 194 (1989). The defendant did not meet his burden of showing why the exact date was required.

The substitute information in the present case satisfies the requirements of our law. Thus, the court properly refused to require the prosecution to state the date of the crimes with more specificity.

## III

The third issue arises out of an answer the victim gave to a question posed by defense counsel on cross-examination. Some background is necessary to understand the setting in which the claim arose. The defendant was initially charged with two counts of sexual assault in the second degree and two counts of risk of injury to a child. At the start of trial, the state filed a substitute information charging the defendant with only one count of each of these crimes and dropped the other two counts. At the defendant's request, the court instructed the state not to refer to the incident represented by the dropped counts or to elicit testimony concerning it. The state complied with this instruction.

On cross-examination, defense counsel asked the victim when the incident she testified to on direct examination had taken place. The victim responded, "[W]hat do you mean by that question? The first time? Or the last time?"[1] After a sidebar conference, of which there is no record, defense counsel resumed his cross-examination.

---

[1] The complete colloquy is as follows:

"[Defense Counsel]: Now, this incident that you told the ladies and gentlemen of the jury about, and Judge Sullivan, with Mr. Hickey, when did that happen? When did it take place?

"[Witness]: Umm, what do you mean by that question? The first time? Or the last time?

"[Defense Counsel]: I mean the incident that you told us about. You told us . . .

The defendant argues that in the sidebar conference he moved to strike the victim's answer and the trial court denied the motion. We cannot consider any argument based on this conference because there exists no record of what took place.[2] This is the equivalent of an attempt to base an appeal on a judge's indication in chambers that he would deny a certain motion. No appeal is possible in that situation either. *State* v. *Gilnite,* 202 Conn. 369, 379, 521 A.2d 547 (1987); *Cohn* v. *Mt. Zion Baptist Church,* 130 Conn. 362, 366, 34 A.2d 129 (1943).

The defendant could have moved on the record to strike the comment but made a tactical decision not to do so in order to avoid highlighting it in the minds of the jurors.[3] The defendant cannot now complain because in hindsight his trial tactic may appear unwise. Not objecting to inadmissible evidence in order not to emphasize it to the jury is an accepted trial technique utilized by experienced litigators. When subsequent events reveal that it was an imprudent choice, however, the defendant is not entitled to turn the clock back and have us reverse the judgment because the trial court did not, sua sponte, strike the testimony and give the

"[Witness]: Oh, okay.

"[Defense Counsel]: That there was an incident, you described an incident that took place at your grandmother's house. But before I ask you that, let me have just a minute.

"[Defense Counsel]: May we approach the bench, Your Honor?

"The Court: Yes sir."

[2] Defense counsel ingenuously attempted to fill this lacuna by including his own affidavit in the appendix to the defendant's brief. Because an appellate court may not decide a case on matters dehors the record, we cannot consider the affidavit. *State* v. *Evans,* 9 Conn. App. 349, 352–53, 519 A.2d 73 (1986).

[3] We do not presume to indicate that the motion to strike would have to have been made in the presence of the jury. A common procedure of asking that the jury be excused and then moving to strike, in the jury's absence, might also have focused the jury's attention on the remark.

jury a cautionary instruction.[4] No limiting instruction was given at the time the victim made the remark in question and none was required because none was requested.

The trial court acted properly when it did not strike the testimony sua sponte or give a cautionary instruction.

## IV

The defendant's fourth claim concerns the testimony that was read back to the jury. While trial counsel rarely learns whether he made the correct tactical decision in not objecting to inadmissible evidence during the trial, this was one of those rare cases where the success or failure of the strategy soon became evident.

During its deliberations, the jury requested that a portion of the victim's testimony be read back, including the victim's remark, "[W]hat do you mean by the question? The first time? Or the last time?" Testimony admitted without objection enters the case as part of the evidence and may be considered by the jury. *Derderian* v. *Derderian,* 3 Conn. App. 522, 528, 490 A.2d 1008, cert. denied, 196 Conn. 810, 811, 495 A.2d 279 (1985). The rereading of testimony lies within the broad discretion of the trial court. *State* v. *Rodriguez,* 10 Conn. App. 357, 360, 552 A.2d 1250 (1987). When the testimony was read back, the trial court gave a cautionary instruction that the earlier incident had noth-

[4] Defendant's reliance on *State* v. *Ouellette,* 190 Conn. 84, 459 A.2d 1005 (1983), is misplaced for three reasons. First, the testimony in *Ouellette* was deliberately elicited by the state rather than its being an inadvertent answer to a defense question and no limiting instruction was given at any time. Reversal is rarely warranted when an inadmissible answer is elicited by the defense. *State* v. *Nowakowski,* 188 Conn. 620, 623, 452 A.2d 938 (1982). Second, in *Ouellette* there was a proper record and, third, in *Ouellette* there was no indication that defense counsel, as a matter of trial tactics, was trying not to emphasize the remark.

ing to do with the crime charged and that the jury should not give it great weight or draw unreasonable inferences from it.[5] This instruction was correct in law and the trial court did not abuse its discretion in its handling of the request to read back the testimony.

## V

Finally, the defendant complains that the trial court should not have denied his request to charge the jury on the subject of vague and uncorroborated testimony. The court's denial was proper because it gave an acceptable charge on the general principles of witness credibility.

We will not reverse a judgment where the trial court fails to adopt a request to charge if the matter is covered in the jury charge. In the present case, the charge adequately and fairly covered the matter addressed in the defendant's request and was a correct statement of the law. *State* v. *John,* 210 Conn. 652, 692–93, 557 A.2d 93, cert. denied, 493 U.S. 824, 110 S. Ct. 84, 107 L. Ed. 2d 50 (1989).

The judgment is affirmed.

In this opinion the other judges concurred.

---

[5] The instruction given the jury immediately before the testimony was read back was as follows: "We did find a small segment, which was in response to question by defense counsel. We're going to play that for you, because you asked to hear it. I can tell you that, however, the primary purpose of this, these proceedings is to determine whether or not the incidents took place in July, 1988. And while I will let you hear this portion of the testimony of the [victim], inasmuch as it was given in response to a question asked by defense counsel, I would urge you not to give it any great weight, or draw any unreasonable inferences from what it is that you're about to hear."