[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION PURSUANT TO CONNECTICUT PRACTICE BOOK SECTION 954 ON MOTION TO WITHDRAW AS APPELLATE COUNSEL
On October 27, 1987 in Docket #CR4-133854, defendant Earl Arthur Brooks, represented by counsel, waived his right to a jury trial after previously electing a jury trial on charges of sexual assault, second degree in violation of Connecticut General Statutes Section 53a-71a (1) and risk of injury to children in violation of Connecticut General Statutes Section 53-21. A court trial then ensued before Judge William P. Murray and on November 5, 1987 defendant was found guilty on both counts. A pre-sentence investigation was ordered and on December 18, 1987, Judge Murray sentenced defendant to ten years execution suspended after seven years probation for five years on each count to run concurrently. No appeal of that sentence was timely filed. However, the State stipulated with defendant's counsel restoring defendant's right to appeal and the court, Potter, J. granted same on March 19, 1990. On March 21, 1990, defendant appealed setting forth two grounds (a) Insufficiency of the evidence and (b) Error in Instructions to Jury.
Application for waiver of fees and costs and for appointment of appellate counsel having been made, public defender appellate unit was appointed counsel on March 19, 1990 by the court (Heiman, J.). After reviewing the transcripts and the law, counsel, on December 27, 1990 moved to withdraw as counsel subject to Connecticut Practice Book Sections 952, 4035, 4041 and 4042 and Anders v. California, 386 U.S. 738 (1967) concluding that an appeal would be wholly frivolous and filing a Report to the Court. Defendant was advised in open court of his right to raise, in writing, additional points in support of his appeal and was given until April 4, 1991 to do so; which time was extended at defendant's request, to April 9, 1991. Defendant's brief dated April 9, 1991 and received by the court on April 11, 1991 was considered by the court.
This court concurs with appellate counsel that an appeal would be wholly frivolous and grants counsel's motion to withdraw. This court has reviewed the transcripts of the trial and sentencing consisting of proceedings recorded on October 27, 1987; October 28, 1987; October 30, 1987; November 2, 1987; November 3, 1987; November 4, 1987; November 5, 1987 and December 18, 1987.
The court at trial could have and did find as facts that in 1985 defendant Earl Arthur Brooks lived in Naugatuck with victim's mother. This woman had two daughters, victim then six years of age and a ten month old baby. The children were frequently neglected by the mother. The victim's mother's sister and her family lived nearby and the families saw each other nearly every day. The six year old complained to her aunt that defendant had CT Page 5066 molested her. The aunt took the child to the police and to the hospital where she was examined by a pediatrician. Although there were no physical findings corroborating the sexual activity, defendant was found to have engaged in sexual intercourse as defined by statute with the minor child victim by first committing a penile penetration of the child's mouth and second by penetrating an object, a knife, into the child's vagina causing the child victim to suffer painful injury and to bleed. The court found that those acts committed by defendant upon the minor child were likely to impair the health and morals of the child victim.
At the trial, the state had called as witnesses the child victim and in corroboration, the aunt, two psychologists and a student in psychology. They also called the police officer who had taken the complaint. The birth certificate of the victim and her medical records were introduced as evidence. The defense called the child's pediatrician who had found no physical evidence of the assault, and the victim's mother and babysitter. The defendant also testified and denied the allegations.
Despite no physical evidence corroborating victim's allegations, defendant was found guilty of sexual assault in the second degree and risk of injury to a child.
Several possible issues for appeal were raised by defendant and his attorney. First, defendant, in filing his appeal initially pro se, claimed "error in instructions to jury". Obviously, since the trial was one to the court, rather than to the jury, there could be no error in jury instructions. Defendant also claimed insufficiency of the evidence. That claim will be considered at length later.
The first possible issue to be considered by the court is whether defendant knowingly and voluntarily waived his right to a jury trial after having first elected to be tried by a jury. Prior to the commencement of the trial to the court (Murray, J.) on October 27, 1987, inquired of defendant at length as to his knowledge of his constitutional right to a trial by jury and his voluntary waiver thereof (Transcript of October 27, 1987 pp. 5-11 and Transcript of October 30, 1987 pp. 3 and 4). At the time, defendant was represented by counsel and the court inquired also as to his conversations with counsel concerning waiver. While the presence of counsel does not automatically guarantee that a defendant's constitutional interests and rights will be protected, it is a factor to be considered in determining the question of the need for a sufficiency of any admonition given by the court. State v. Williams, 205 Conn. 456, 463 (1987). In any event, the court also advised defendant and inquired of him as to his understanding of the waiver. CT Page 5067
Another issue that might be raised is whether the State was sufficiently specific in its allegations as to the nature of the acts committed and the time at which they were committed. The deverse [diverse] dates alleged were between March 2 and July 14, 1985. Defense had filed a bill of particulars and the court ordered the state to respond and to incorporate the response into a substitute information. (Transcript of October 27, 1987 pp. 1-5). After this was done, defendant raised a further objection to lack of specificity and the court ordered the information to be made more specific (Transcript of October 28, 1987, pp. 1-10). Thereafter, a new substitute information was filed and defendant entered new pleas without expressing further objection (Transcript of October 30, 1987 pp. 1-4). Defendant did not claim an alibi defense but claimed that the alleged incident had never happened.
The sixth amendment to the United States Constitution and Article First, Section 8 of the Connecticut Constitution guarantee a criminal defendant the right to be informed of the nature and cause of the charges against him with sufficient precision to enable him to meet them at trial. State v. Cates, 202 Conn. 615,625-26 (1987). Neither the sixth amendment to the United States Constitution nor Article First, Section 8 of the Connecticut Constitution requires that the state chose a particular moment as the time of an offense when the best information available to the state is imprecise. State v. Laracuente, 205 Conn. 515, 519
(1988).
Here, the State was ordered to and did supply defense with more specific information than it initially provided. Thereafter, defendant did not claim that he was unable to prepare his defense. Therefore, this could not constitute a meritorious issue on appeal.
Other issues that may not be raised were those of sequestration of witnesses, which defendant requested and the court granted, and motion to video tape the testimony of the child witness/victim and this motion was denied by the court.
The competence of the child/victim as a witness could constitute an appealable issue had the court not inquired at great length directly of the child to assure that she was competent. (Transcript of October 30, 1987 pp. 36 and 1-25). Counsel for defendant also inquired of the child at some length (Transcript, id., pp. 25-29). Thereafter, counsel for defendant had no objection to the court's finding of competency. Determination of competency is primarily within the discretion of the trial court, and its ruling will be disturbed only in a clear case of abuse or some error in law. State v. Paolello, 211 Conn. 672,689 (1989).
The qualification of Dr. Ralph Welsh and Dr. Sidney Horowitz CT Page 5068 as expert witnesses for the State was not objected to by defense counsel. Another witness proffered as an expert by the State, Carol Marino, was found by the court not to qualify as an expert because of her student status at the time of her observations. Therefore, the qualification of expert witnesses cannot be a proper basis for an appeal by the defendant.
Access to DCYS and medical records of the child/victim cannot be an issue for appeal as defendant had access to the same. Further, no exhibits admitted at trial were objected to so that also would not furnish a basis for appeal.
Admission of hearsay evidence to corroborate testimony and sustain constancy of accusation was proper in this case. The child/victim herself testified and the court properly allowed corroborating testimony from the child's aunt, a police officer and from professional therapists. In sex related crime cases, a witness to whom a victim has complained of the offense can testify not only to the fact that a complaint was made but also to its details. Such testimony is admitted when the complainant first has testified, in court, to the facts of the alleged occurrence, in order to corroborate her testimony. State v. Dabkowski,199 Conn. 193 (1986).
An important issue is whether there was sufficient evidence for a finding of guilt beyond a reasonable doubt. In reviewing the voluminous transcripts of the trial testimony, the standard to be applied in reviewing sufficiency of evidence is whether after reviewing the evidence in the light most favorable to the prosecution any rational trier of facts could have found the essential elements proven beyond a reasonable doubt. State v. Amarillo, 198 Conn. 285 (1986). In this case there is no arguable claim that the State failed to produce evidence which, if credited, would permit the trier of fact to find each element of each offense charged beyond a reasonable doubt. Granted, there was no corroborating independent physical evidence of the offenses. However, the court could properly credit the witnesses. Credibility of witnesses is judged solely by the trier of fact. State v. Dudla, 190 Conn. 1, 7 (1983). Here, the child victim whose age was proven by a birth certificate submitted. Unapposed, as evidence, testified to each and every element necessary to be proven to constitute the offenses charged, i.e. sexual assault, second degree, Section 53a-71a(1) and risk of injury Section53-21. Her testimony was also corroborated by others whom the court was entitled to credit. Therefore this is not a valid ground for appeal.
The court did articulate its findings of facts and application of the law to the facts and an examination of the record reinforces those findings. (Transcript of Nov. 5, 1987, CT Page 5069 pp. 72-72).
The analysis by appellate counsel of the court-rulings on objections to questions on pages 13 and 14 of her brief are artfully done and are correct. Therefore, those rulings do not constitute a valid basis for an appeal.
A court receiving a request for permission to withdraw as counsel has the authority to appoint another attorney to review the record for non-frivolous issues. Paulsen v. Manson, 193 Conn. 333
(1984) and Connecticut Practice Book Section 955. I have reviewed and considered all possible claims of error asserted by appellate counsel and after a thorough review of the trial transcript and the briefs of appellate counsel and of the defendant, I find that an appeal of this case is without merit and is wholly frivolous.
Accordingly, the motion for withdrawal of appearance filed by appellate counsel is granted and because of my findings as stated herein, I refuse to appoint new counsel to pursue defendant's appeal.
KULAWIZ, J.