### STATE OF CONNECTICUT *v.* THOMAS W. BAILEY (11688)

DUPONT, C. J., FOTI and SCHALLER, Js.

Argued June 11—decision released September 7, 1993

---

*Cheryl E. Heffernan,* with whom, on the brief, was *Jamie E. Alosi,* for the appellant (defendant).

*John P. Gravalec-Pannone,* assistant state's attorney, with whom, on the brief, were *C. Robert Satti, Sr.,* state's attorney, and *Sarah Steere,* certified legal intern, for the appellee (state).

SCHALLER, J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of sexual assault in the second degree in violation of General Statutes § 53a-71 (a) (1), and risk of injury to a child, in violation of General Statutes § 53-21. The defendant claims that (1) the trial court improperly invoked the constancy of accusation exception to the hearsay rule, (2) the trial court improperly admitted evidence of a prior conviction of the defendant for breaking and entering, and (3) trial counsel's performance was not reasonably competent. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. Between June 1 and August 31, 1988, the defendant on three occasions inserted his finger into the victim's vagina and touched the victim's vagina with a knife. Using a gun and a knife, the defendant threatened to harm the victim if she told anyone about the incidents.

At the time of the sexual offenses at issue, the victim was six years old. The defendant was the victim's stepfather. The victim recalled that these incidents occurred prior to the death of her grandfather on September 1, 1988.

Susan VanCleve, a pediatric nurse practitioner, conducted a full internal examination of the victim's vaginal area. The examination indicated that the victim had sustained a labial adhesion, an uncommon condition that often develops secondary to trauma or repeated injury to the vaginal area.

The state charged the defendant with sexual assault in the first degree in violation of General Statutes § 53a-70, and risk of injury to a child in violation of General Statutes § 53-21. Both counts were directed to allegations of misconduct occurring on different dates between June 1 and August 31, 1988. The case proceeded to trial before a jury in July, 1992. After the jury returned a guilty verdict on both counts, the defendant filed a motion for judgment of acquittal and a motion for a new trial. The trial court set aside the conviction of sexual assault in the first degree in violation of § 53a-70 (a) (2), and instead rendered a judgment of conviction of sexual assault in the second degree in violation of § 53a-71 (a) (1).[1]

---

[1] The basis for the judgment of conviction of second degree sexual assault in lieu of first degree sexual assault is as follows. In accordance with an agreement of the parties, the trial court instructed the jury that a person is guilty of sexual assault in the first degree, if such person engages in sexual intercourse with a person under thirteen years of age. The court's instruction was tailored improperly to the statute in existence *at the time of trial.* General Statutes § 53a-70 (a) (2). The statute in existence *at the time of the offense,* however, required adequate proof of coercion by force or threat of use of force—an element not included in the court's instruction.

In response to the defendant's motions for judgment of acquittal and a new trial, the trial court rectified the problem with the jury verdict. The court noted that its instructions to the jury incidentally had covered the statute in effect at the time of the offense for sexual assault in the second degree. The only difference between assault in the second degree and the

## I

The defendant first claims that the trial court improperly invoked the constancy of accusation exception to the hearsay rule. The defendant asserts that testimony admitted under the constancy of accusation doctrine pertained to events to which the victim did not first testify. The defendant further contends that this same testimony referred to uncharged misconduct, i.e., events that occurred prior to the time period set forth in the information. We disagree.

On July 20, 1992, approximately four years after the sexual offenses at issue, the victim testified that the defendant had touched her vaginal area on three occasions. She recalled incidents that had occurred prior to her grandfather's death in 1988. She further testified that she had spoken to Joseph Russo of the Norwich police department and told him about the incidents at issue.

crime described in the court's jury charge is that a person is guilty of second degree assault if the victim was under sixteen years of age, whereas, the court charged that the jury could find guilt only if the victim was under thirteen years of age. As the court noted, "a person under thirteen years of age is a person under sixteen years of age." The court, therefore, was satisfied that the jury's finding would support a finding of guilty on assault in the second degree in lieu of sexual assault in the first degree.

We note that the defendant has not claimed that the trial court improperly reconfigured the jury verdict to support a judgment of guilty of sexual assault in the second degree. Furthermore, we cannot discern any prejudice arising from these circumstances. The improper jury charge reflected the parties' agreement. Having agreed to a charge that covered sexual assault in the second degree, the defendant has in effect consented to an amendment to the information. See *State* v. *Scognamiglio,* 202 Conn. 18, 25, 519 A.2d 607 (1987) (defendant's request to charge is tantamount to his express consent to amend indictment on that ground); *State* v. *Jackson,* 30 Conn. App. 281, 285 n.4, 620 A.2d 168 (1993) (constitutional right to notice of charges against him is not implicated where accused has requested jury to consider offense not encompassed by information).

Subsequently, the state called Russo as a witness and elicited testimony regarding statements that the victim had made to him. According to Russo, on October 14, 1991, the victim complained of repeated sexual offenses perpetrated by the defendant. In one instance, she explained to Russo that when she was about *five* years of age, the defendant forcefully placed his hand over her mouth, reached down to her vaginal area and placed a finger into her vagina.

The defendant objected to Russo's testimony. He argued that the testimony involved an earlier incident allegedly occurring when the victim was about *five* years old. According to defense counsel, because the information charged the defendant with instances of misconduct occurring when the victim was *six* years old, Russo's testimony was not proper constancy of accusation testimony.

In response, the state asserted that, while the victim told Russo that she was *about* five when this incident occurred, this fact went to the weight of the evidence, not to its admissibility, particularly since a young child may not perceive time as an adult does. The state's position was that the age difference was merely a discrepancy in detail rather than an attempt to introduce uncharged misconduct. The trial court agreed with the state, overruled the defendant's objection and noted an exception.

At the conclusion of Russo's testimony, the trial court explained to the jury the doctrine of constancy of accusation: "I do wish to point out that, as you may know, statements that are made out-of-court are not admissible. . . . There are a number of exceptions to the rule that out-of-court statements don't come in. One of them we have encountered in this case today, and that is the evidence of statements made by [the victim] in the case about the crime which is charged and alleged by the

state to have occurred. . . . . The reason that those statements come into evidence is this. [The victim] has testified here in court . . . as to the offenses that she claims were committed upon her. If that's all you had before you, you might ask why didn't she tell anybody else about it until today when she came to court. To corroborate [the victim's] testimony, our law permits the state to prove that earlier, outside of court, she complained of the injury done to her. The evidence is not admitted to prove the case. . . . [I]n determining the extent that you find corroboration in her statements to these other people that you have heard about, carefully consider all the circumstances under which they were made."

Next, the state called Cynthia Warshaw, a clinical social worker in pediatrics at Yale-New Haven Hospital, as an expert witness. She testified that young children typically do not have a fully developed sense of time. Rather, young children often remember time according to significant events.

We note at the outset that our review of evidentiary rulings is limited. We will not overturn a trial court's evidentiary ruling unless there is an abuse of discretion and a showing by the defendant of substantial prejudice or injustice. *State* v. *Alvarez,* 216 Conn. 301, 306, 579 A.2d 515 (1990); *State* v. *Leonard,* 31 Conn. App. 178, 190, 623 A.2d 1052 (1993). With respect to the trial court's discretion, it is axiomatic that great weight is accorded the trial court's decision and every reasonable presumption will be indulged in favor of its correctness. *State* v. *Leonard,* supra.

In this case, the court's evidentiary ruling concerns the constancy of accusation doctrine. This doctrine "allows a complainant in a sexual offense case to testify that he or she informed others of the attack. These other individuals are then allowed to testify concern-

ing the complaint made by the victim and are permitted to relate the details of the attack as the victim narrated." *State* v. *Saraceno,* 15 Conn. App. 222, 247 n.6, 545 A.2d 1116, cert. denied, 209 Conn. 823, 552 A.2d 431 (1988). The victim's statement is admissible as an exception to the hearsay rule to corroborate the victim's testimony. *State* v. *Ouellette,* 190 Conn. 84, 97, 459 A.2d 1005 (1983).

This court, in *State* v. *Bethea,* 24 Conn. App. 13, 17–18, 585 A.2d 1235, cert. denied, 218 Conn. 901, 588 A.2d 1076 (1991), recently defined the dimensions of constancy testimony: "Long standing precedent set by our Supreme Court demands that the following criteria be met before a witness can testify under what has consistently been labeled the constancy of accusation exception to the hearsay rule: (1) the court must balance the probative force of the testimony against its prejudicial effect; (2) the crime charged must be sex related; (3) the witness must be one to whom the victim complained about the offense; (4) the accusation must have been made at a time when it was natural for the victim to have made it; and (5) the victim must first testify, in court, as to the facts of the alleged occurrence. . . . Once the witness takes the stand, (1) the court may presume that the victim has been impeached by a suggestion of recent contrivance . . . (2) the witness may testify as to the fact that the victim complained to her as well as to the details of the victim's complaint, and (3) the court must give limiting instructions to explain that the evidence is not offered to prove the truth of the matter asserted but only to corroborate and accredit the prior testimony of the victim." (Citations omitted.)

The defendant argues, as he did at trial, that Russo testified to statements of the victim to which the victim did not first testify. The victim's statement to Russo appeared to concern an instance of misconduct that

took place when the victim was about five years old. By contrast, the victim testified only to acts that occurred when she was six years old. In other words, the defendant claims that Russo's testimony was not proper constancy of accusation testimony because the victim did not first testify, in court, as to the allegation to which Russo testified. When viewed in the context of the entire case with appropriate deference to the superior vantage point of the trial court, the defendant's argument is unpersuasive.

When the victim spoke to Russo regarding her allegations of multiple sexual assaults, she was nine years old. More than three years had elapsed since the occurrence of the sexual assaults. While the victim did describe an incident that, taking the victim's statement literally, seemed to have occurred outside of the time period set forth in the information, the trial court reasonably could have concluded that her perception as to *exactly* when that incident occurred may well have been blurred. The fact that she told Russo that an incident of misconduct took place when she was *about* five years old reveals some inability on her part to pinpoint exactly when it occurred. According to expert testimony adduced at trial, this difficulty in pinpointing dates, is common in young children. For these reasons, we conclude that the trial court did not abuse its discretion in determining that, because Russo did not refer to uncharged misconduct, his testimony was admissible under the doctrine of constancy of accusation. See *State* v. *Leonard,* supra; cf. *State* v. *Laracuente,* 205 Conn. 515, 519, 534 A.2d 882 (1987), cert. denied, 485 U.S. 1036, 108 S. Ct. 1598, 99 L. Ed. 2d 913 (1988).

In a related argument, the defendant asserts that Russo's testimony concerning the victim's statement consisted of prior uncharged misconduct. On the basis of the foregoing discussion, we find no merit in this argument. As we noted, the victim testified to the

occurrence of multiple sex offenses and displayed an inability to perceive with precision the time of the occurrence. There were, thus, sufficient indicia that the incidents occurred within the period alleged in the complaint. Accordingly, the trial court did not abuse its discretion in allowing Russo to testify as to this matter. Moreover, we cannot conclude that the trial court abused its discretion in ruling that this discrepancy between the date of the alleged sexual assault and the dates set forth in the information went to the weight of the constancy testimony and not to its admissibility.

The defendant further contends that the state failed to provide pretrial notice of its intent to use the victim's statement to Russo. He argues that the sixth and fourteenth amendments require notice when the state seeks to prove that the accused is guilty of *additional* crimes. This argument is flawed, however, because, as previously stated, the trial court did not abuse its discretion when it found that, from the circumstances, the statement *did not* involve uncharged misconduct. Moreover, there was no indication in the record that the state had failed to provide the defendant with pretrial notice of Russo's report.

Finally, we recognize our Supreme Court's holding in *State* v. *Ouellette,* supra, 100, that "[b]ecause the prior consistent statements were admitted concerning acts *not charged,* they were not constancy of accusation . . . ." (Emphasis added.) In *State* v. *Ouellette,* supra, however, there was no dispute that the testimony related to uncharged crimes. In fact, the state explained to the trial court that there were statements by the victim that the " 'defendant had engaged in similar type activity, sexual activity, with her on several occasions *previous to this* going back . . . to the time when she was about six years old.' " (Emphasis added.) Id., 88, quoting the state's attorney.

The case before us is entirely different from *State v. Ouellette,* supra. Here, the trial court accepted the state's argument that the victim's statement as to sexual misconduct appeared to concern the crime charged. The victim's difficulty in pinpointing the exact time of the incident led her to state that she was about five years old, when she was six years old at the time of the incident. By contrast, in *Ouellette,* it was undisputed that the victim's statement *did not* concern the crime charged. We therefore conclude that the defendant's reliance on the decision in *Ouellette* is misplaced.

## II

The defendant's next claim is that the trial court improperly admitted evidence of a 1979 conviction for burglary with larcenous intent in Massachusetts. We disagree.

Before trial, the defendant filed a motion in limine with the court seeking a ruling that would prohibit the state from exposing his criminal history to the jury for purposes of impeachment. The motion focused on the defendant's conviction in 1979 of burglary with larcenous intent. After the trial court denied the motion, the defendant testified at trial as to the prior conviction. Subsequently, the trial court cautioned the jury that the prior conviction was admissible only to the extent that it bore on the defendant's credibility.

"The trial court, because of its intimate familiarity with the case, is in the best position to weigh the relative merits and dangers of any proffered evidence." *State* v. *Geyer* 194 Conn. 1, 13, 480 A.2d 489 (1984); *State* v. *Rivera,* 221 Conn. 58, 73, 602 A.2d 571 (1992). This principle applies with equal force to the admissibility of prior convictions. *State* v. *Irving,* 27 Conn. App. 279, 290, 606 A.2d 17, cert. denied, 222 Conn. 907, 608 A.2d 694 (1992). General Statutes § 52-145 (b) provides that "[a] person's interest in the outcome of the action

or his conviction of crime may be shown for the purpose of affecting his credibility." In determining the admissibility of a prior conviction our Supreme Court has developed a three part inquiry into: "(1) the extent to which admission is likely to prejudice the defendant's cause; (2) the significance of the prior crime as bearing on the defendant's truthfulness; and (3) the remoteness in time of the prior conviction." *State* v. *Geyer,* supra, 11; *State* v. *Nardini,* 187 Conn. 513, 522, 447 A.2d 396 (1982); *State* v. *Irving,* supra, 289–90.

The application of the first two factors to the present case strongly militates in favor of the trial court decision. First, the degree of prejudice to the defendant is minimized by the fact that the prior conviction for burglary with larcenous intent differed significantly from the crime charged. This difference limited the risk that the jury would improperly infer a propensity to commit sexual assault on the basis of the prior conviction. The trial court further reduced the risk of prejudice by cautioning the jury to consider the prior conviction only in assessing the credibility of the defendant.

Second, there is no doubt that a prior conviction of burglary with larcenous intent bears on the credibility of the defendant, particularly given the element of larcenous intent.[2] Our Supreme Court has noted that "lar-

---

[2] At oral argument on the defendant's motion in limine, the state explained the details of the prior conviction:

"[The Court]: What are the particulars beyond breaking and entering in the nighttime?

"[Assistant State's Attorney]: It was the stealing of tools and money from a particular premises, Your Honor.

"[The Court]: He wasn't convicted of larceny?

"[Assistant State's Attorney]: No, Burglary.

"[The Court]: But the larceny was the underlying act that was the criminal intent to commit the burglary?

"[Assistant State's Attorney]: Yes, Your Honor."

After consulting with his client, defense counsel stated to the court, "Your, Honor, I'll just remain neutral on what [the state's attorney] has said."

ceny . . . bears directly on the credibility of the witness-defendant." *State* v. *Crumpton,* 202 Conn. 224, 229, 520 A.2d 226 (1987). Therefore, the prior conviction was highly probative of the defendant's truthfulness and veracity. Id.

The third factor, regarding the remoteness in time of the prior conviction, is a more pertinent question. " '[A] prior conviction which is more than ten years old may, under some circumstances, retain some probative value which is minimally sufficient to overcome any marginal prejudice, and may be admissible, therefore, without a wholly unreasonable exercise of a trial court's discretion.' " *State* v. *Irving,* supra, 290, quoting *State* v. *Kuritz,* 3 Conn. App. 459, 463, 489 A.2d 1053 (1985). Moreover, we recently held that a trial court presiding over a sexual assault case did not abuse its discretion in admitting evidence as to a robbery conviction that exceeded ten years of age. *State* v. *Irving,* supra.

We conclude that the trial court's admission of the defendant's prior conviction was a proper exercise of its discretion, particularly since the prior conviction involved a crime that significantly differed from the crime charged and bore heavily on the defendant's credibility.

### III

The defendant's final claim is that trial counsel's performance was not reasonably competent or within the range of ordinary training and skill in criminal law. He further argues that trial counsel's inadequate performance prejudiced his case. The defendant's claim is predicated on three instances of inadequate performance in which trial counsel failed (1) to file a motion for a bill of particulars that would have required the state to set forth the precise dates of the alleged commission of the crime, (2) to file a motion to disclose the details of acts of uncharged misconduct, and (3) to call any witnesses

other than the defendant on behalf of the defense. We cannot review this claim because the defendant has not developed a record pertaining to the performance of trial counsel.

A claim on appeal that asserts ineffective assistance of counsel must be pursued on a petition for new trial or on a petition for a writ of habeas corpus, rather than on direct appeal, so that a complete factual record can be developed. *State* v. *Gonzalez,* 205 Conn. 673, 684, 535 A.2d 345 (1987); *State* v. *Lubesky,* 195 Conn. 475, 484–85, 488 A.2d 1239 (1985); *State* v. *Tirado,* 194 Conn. 89, 92–93, 478 A.2d 606 (1984); *State* v. *Mason,* 186 Conn. 574, 578–79, 442 A.2d 1335 (1982). The underlying rationale of this principle is that "[a]bsent the evidentiary hearing available in the collateral action, review in this court of the ineffective assistance claim is at best difficult and sometimes impossible. The evidentiary hearing provides the trial court with the evidence which is often necessary to evaluate the competency of the defense and the harmfulness of any incompetency. The defendant, his attorney, and the prosecutor have an opportunity to testify at such a hearing as to matters which do not appear of record at the trial, such as . . . whether, for tactical reasons, [the presence of certain witnesses was not compelled] . . . ." (Internal quotation marks omitted.) *State* v. *Tirado,* supra, 93.

In the present case, the defendant claims ineffective assistance of trial counsel. He has not, however, pursued the avenues necessary to establish a record on which we can review the claim. At best, we can only speculate as to the efficacy of trial counsel's performance. While we cannot review the defendant's claim of ineffective assistance of counsel, "[t]his holding . . . does not mean that the defendant is precluded

from pursuing his claim of ineffective assistance of counsel in an appropriate collateral action.'' Id.

The judgment is affirmed.

In this opinion the other judges concurred.