STATE OF CONNECTICUT *v.* MICKEY MINOR
(AC 22709)

Foti, Dranginis and Dupont, Js.

Argued September 11—officially released October 28, 2003

*Gerald E. Bodell*, special public defender, for the appellant (defendant).

*Margaret Gaffney Radionovas*, senior assistant state's attorney, with whom, on the brief, were *John A. Connelly*, state's attorney, and *Cara F. Eschuk*, senior assistant state's attorney, for the appellee (state).

*Opinion*

DUPONT, J. The defendant, Mickey Minor, appeals from the judgment of conviction, rendered after a jury trial, of sexual assault in the first degree in violation of General Statutes (Rev. to 1999) § 53a-70 (a) (2)[1] and two counts of risk of injury to a child in violation of

---

[1] The substitute information charged in count one that "on a date between approximately January 14, 2000, and approximately January 26, 2000, in the Town of Naugatuck, the defendant (whose date of birth is April 8, 1963) engaged in sexual intercourse, to wit cunnilingus, with another person (hereafter L.C.) whose date of birth is July 23, 1992, and who was, therefore under the age of thirteen at the time and more than two years younger than the defendant."

General Statutes § 53-21 (2).[2] On appeal, the defendant claims that (1) the evidence was insufficient to support the conviction,[3] (2) constancy of accusation testimony should have been excluded and (3) he was sentenced improperly to a ten year mandatory minimum term of imprisonment under § 53a-70 (b). We disagree as to all claims and therefore affirm the judgment of the trial court.[4]

From the evidence produced at trial, the jury reasonably could have found the following facts. The victim[5] was seven years old at the time of the alleged offenses. The victim's mother and the defendant began corresponding while he was incarcerated and first met face to face when he visited her home from January 15 until January 26, 2000, after his release. It was during that

[2] Counts two and three of the substitute information alleged risk of injury to a child. The information charged in count two that "on a date between approximately January 14, 2000, and approximately January 26, 2000, in the Town of Naugatuck, the defendant had contact with the intimate parts of a child under the age of sixteen years, to wit, he touched said child (hereafter L.C.) whose date of birth is July 23, 1992 and who was, therefore, under the age of sixteen on her genitals in a sexual and indecent manner likely to impair the morals of said child."

Count three charged that "on a date or dates between approximately January 14, 2000, and approximately January 26, 2000, in the Town of Naugatuck, the defendant subjected a child under the age of sixteen years to contact with his intimate parts, to wit, he had said child (hereafter L.C.) whose date of birth is July 23, 1992 and who was, therefore, under the age of sixteen at the time, touch his penis in a sexual and indecent manner likely to impair the morals of said child."

[3] It is not certain from the defendant's brief whether he is challenging his conviction of all three counts or of sexual assault in the first degree only. In the trial court, his motion for a judgment of acquittal at the close of the state's case challenged the latter count of the information only. We treat his claim as involving all three charges.

[4] The defendant's argument as to insufficiency of the evidence hinges on the alleged improper use of constancy of accusation testimony to prove the time of the crime or to prove that the crimes, in fact, occurred. Accordingly, the first two claims are discussed together. See part I.

[5] In accordance with our policy of protecting the privacy interests of the victims of sexual abuse, we decline to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

visit that the crimes occurred. The victim testified that one night during the defendant's visit, she was afraid and went to her mother's bedroom to get into bed there. Her mother, brother and the defendant were asleep in the bed, and the victim got into the bed next to the defendant. The defendant first touched her hand and then he made her touch "his private," which "felt bony and slimy." She snatched her hand away, and the defendant tried to put it back, but she did not.

On another occasion, during a game of hide-and-seek with the defendant and the victim's brother, the victim ran into her brother's room and closed the door. The defendant was behind the door. He picked her up, unbuttoned her pants, took her underpants down and licked her "private." He then stuck his tongue in her mouth and, as she was pulling up her pants, asked, "Are you going to tell?" She testified that he ended his visit with the family and left her home later that day. The victim did not immediately tell her mother about those events because she was afraid her mother might get mad at her. She did tell her mother about six months later, according to other testimony and evidence, and she and her mother went to the police station to report the incidents. The victim spoke of the events to a woman at the police station, to a friend of her mother and to Elizabeth Donahue, a physician.

The victim's mother provided constancy of accusation testimony as to what the victim had told her about the sexual acts. The victim did not testify in court as to the dates on which those events had occurred, but indicated that the incident in bed happened first and that the hide-and-seek incident occurred on the day the defendant left. The mother testified that the bed incident must have happened the day before the defendant ended his stay. The day after the victim told her mother, the victim again recounted the two incidents the next day before they went to the police station.

Various medical experts testified or were the subject of exhibits as to the believability of the victim's accounts of the defendant's behavior. One such expert, Sidney Horowitz, a clinical psychiatrist, testified that immediate reporting of sexual crimes would be the exception rather than the rule for seven year olds, principally because of fear of being blamed.

## I

The standard of review for an insufficiency of the evidence claim involves a two part test. First, the evidence is to be construed in the light most favorable to sustaining the verdict. Second, we must determine whether the jury, from the facts that were found and the reasonable inferences garnered from the evidence, could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt. *State* v. *Montgomery*, 254 Conn. 694, 732, 759 A.2d 995 (2000).

The defendant in his brief makes two underlying assertions as to the sufficiency of the evidence. First, he claims that penetration was not proved. Second, he asserts that the exact time that the crimes took place should have been proved because without that specificity, he was deprived of a potential alibi defense.

Certain definitional criteria will assist us in the analysis of the defendant's first assertion with regard to sufficiency of the evidence. "Sexual intercourse," according to General Statutes § 53a-65, means vaginal intercourse, anal intercourse, fellatio or cunnilingus. Penetration is not an essential element of the crime of sexual assault in the first degree when cunnilingus is charged. *State* v. *Wilcox*, 254 Conn. 441, 467, 758 A.2d 824 (2000). Therefore, the state did not need to prove that penetration took place for the jury to convict the defendant.[6]

---

[6] Counts two and three did not allege penetration, and the state therefore was not required to prove that penetration occurred to convict the defendant of risk of injury to a child.

The claim that an instruction or a charging document is nonspecific as to time can impact on a defendant's sixth amendment right to be informed of the nature of the accusation in some cases. See *State* v. *Orsini*, 187 Conn. 264, 274–75, 445 A.2d 887, cert. denied, 459 U.S. 861, 103 S. Ct. 136, 74 L. Ed. 2d 116 (1982). The state, however, is not usually required to plead and to prove an exact time when an offense allegedly occurred if the information is sufficiently precise as to the time frame involved. *State* v. *Hauck*, 172 Conn. 140, 150, 374 A.2d 150 (1976). In this case, the charging document, the evidence and the court's jury instruction all made it clear that the events occurred during an eleven day time span and, most probably, over a two day time span.

Although the state has a duty to inform the defendant of the time when an offense allegedly was committed, the state need not choose a particular time if the best information is imprecise. *State* v. *Laracuente*, 205 Conn. 515, 519, 534 A.2d 882 (1987), cert. denied, 485 U.S. 1036, 108 S. Ct. 1598, 99 L. Ed. 2d 913 (1988). An alibi defense does not create a mandatory requirement that the state limit the time in the information more narrowly than the evidence warrants. Id., 520. In this case, the jury need not have found that the crimes occurred on a specific date or at a specific time, but only that they occurred within the time frame as alleged in the substitute information, which was between January 14 and 26, 2000.[7]

---

[7] A similar case recently decided by this court, as to which certification to appeal was granted, is distinguishable from this case. The state's petition for certification to appeal was granted by our Supreme Court in *State* v. *Gibson*, 75 Conn. App. 103, 815 A.2d 172, cert. granted, 263 Conn. 906, 819 A.2d 840 (2003), limited to the following issue: "Did the Appellate Court properly conclude that the conviction on the third and fourth counts must be set aside on the ground of constitutional error in the court's jury instructions?" *State* v. *Gibson*, 263 Conn. 906, 819 A.2d 840 (2003).

The conviction in *Gibson* was set aside by this court because of the trial court's failure to give a limiting instruction as to prior misconduct evidence involving the same victim and the same crime one or two years prior to the date in the information, together with a jury instruction asserting that it

The defendant's argument that the constancy of accusation doctrine should have prohibited the testimony of the victim's mother from supplying the date or dates on which at least one of the incidents allegedly happened fails for two reasons.[8] The first reason is that the defendant could be found guilty of the crimes regardless of whether the evidence as to the dates of the crimes indicated that the crimes occurred on a particular date during the days the defendant visited the victim's home, as long as the evidence indicated criminal occurrences at some time during that time span. Thus, with or without the constancy of accusation evidence, the defendant could be found guilty.

The second reason is that the defendant's claim is unpreserved, not having been raised at trial, and is a claim that cannot be reviewed under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), because it is an evidentiary claim and not constitutional. See *State* v. *Troupe*, 237 Conn. 284, 305, 677 A.2d 917 (1996); *State*

was sufficient for the state to prove that the crime had been committed at any time prior to that exact date. *State* v. *Gibson*, supra, 75 Conn. App. 121. We concluded that the defendant was deprived of a constitutional right. Id., 118–21.

That holding, even if it eventually is reversed by our Supreme Court, does not affect the conclusion in this case that the state did not need to plead and to prove that the crime occurred on a specific date during the time interval between the two dates alleged in the information.

[8] The constancy of accusation doctrine allows a witness to whom the victim of a sex crime has confided the details of the crime to testify in court about what the victim told the witness as an aid in assessing the credibility of the victim. The doctrine is not strictly an exception to the hearsay rule because the testimony is not admitted to prove the truth of the testimony of the witness. The doctrine is now limited in Connecticut to allow testimony only as to the fact and timing of the victim's complaint or as to details necessary to associate the victim's complaint with the pending charge, for example, the time and place of the attack or the identity of the defendant. Other testimony of a witness who was the confidante of the victim is limited to corroboration of the victim's testimony, but cannot be used for substantive purposes. *State* v. *Troupe*, 237 Conn. 284, 304–305, 677 A.2d 917 (1996) (en banc).

v. *Senquiz*, 68 Conn. App. 571, 581–82, 793 A.2d 1095, cert. denied, 260 Conn. 923, 797 A.2d 519 (2002). We conclude that the evidence was sufficient to convict the defendant of the crimes with which he was charged.

## II

The defendant next claims that he was sentenced improperly to a ten year mandatory minimum term of imprisonment pursuant to § 53a-70 (b) on his conviction of sexual assault in the first degree. We disagree.

The following facts are relevant to our resolution of the defendant's claim. The defendant was sentenced to a term of twenty years incarceration, ten years of which were the mandatory minimum, on the conviction of sexual assault in the first degree. Prior to sentencing, the defendant filed a motion to preclude the imposition of the mandatory ten year sentence under § 53a-70 (b) when the victim is younger than the age of ten years.[9] He argues that imposing the mandatory minimum of ten years deprived him of equal protection of the law under the fourteenth amendment to the United States constitution because that ten year sentence constitutes a penalty that exceeds the penalty for a greater offense, namely, aggravated sexual assault in the first degree, for which there is a mandatory minimum sentence of five years.[10]

---

[9] General Statutes (Rev. to 1999) § 53a-70 (b), as amended by Public Acts, Spec. Sess., June, 1999, No. 99-2, § 49, provides: "Sexual assault in the first degree is a class B felony for which two years of the sentence imposed may not be suspended or reduced by the court or, if the victim of the offense is under ten years of age, for which ten years of the sentence imposed may not be suspended or reduced by the court, and any person found guilty under this section shall be sentenced to a term of imprisonment and a period of special parole pursuant to subsection (b) of section 53a-28 which together constitute a sentence of at least ten years."

[10] The crimes occurred in 2000. General Statutes (Rev. to 1999) § 53a-70a (b), as amended by Public Acts, Spec. Sess., June, 1999, No. 99-2, § 50, which was then applicable, provides in relevant part: "Aggravated sexual assault in the first degree is a class B felony and any person found guilty under this section shall be sentenced to a term of imprisonment of which five years of the sentence imposed may not be suspended or reduced by the court . . . ."

*State* v. *Gibson*, 75 Conn. App. 103, 125–33, 815 A.2d 172, cert. granted on other grounds, 263 Conn. 906, 819 A.2d 840 (2003),[11] resolves the issue, and the defendant cannot prevail on his claim. See also *State* v. *Wright*, 246 Conn. 132, 148, 716 A.2d 870 (1998). "[T]he legislature could have reasonably concluded that sexual assault in the first degree against a child is more often and more easily committed, more likely to go undetected for a longer period of time and more likely to recur than an aggravated assault against either an adult or a child." *State* v. *Gibson*, supra, 131.

The legislature, when it provides for criminal penalties, is entitled to conclude that general deterrence is better served by a harsher penalty for one crime as opposed to another. A harsher sentence may be necessary to deter sexual assault in the first degree against a child, which may be more prevalent but less easily discovered than aggravated sexual assault, which usually requires immediate police action when it occurs.[12]

General Statutes § 53a-70a (b) was amended, effective October 1, 2002, to provide that if the victim of an aggravated sexual assault is younger than sixteen years of age, the crime is a class A felony. See Public Acts 2002, No. 02-138 (P.A. 02-138), § 6.

The current version of General Statutes § 53a-70a (b), subsequent to its amendment by P.A. 02-138, provides in relevant part: "Any person found guilty under this section shall be sentenced to a term of imprisonment of which five years of the sentence imposed may not be suspended or reduced by the court, except that, if such person committed sexual assault in the first degree by violating subdivision (1) of subsection (a) of section 53a-70 . . . and the victim of the offense is under sixteen years of age, twenty years of the sentence imposed may not be suspended or reduced by the court. Any person found guilty under this section shall be sentenced to a period of special parole pursuant to subsection (b) of section 53a-28 of at least five years."

[11] The defendant in *Gibson* also filed a petition for certification to appeal, which was denied. *State* v. *Gibson*, 263 Conn. 906, 819 A.2d 840 (2003).

[12] General Statutes § 53a-70a (a) provides: "A person is guilty of aggravated sexual assault in the first degree when such person commits sexual assault in the first degree as provided in section 53a-70, and in the commission of such offense (1) such person uses or is armed with and threatens the use of or displays or represents by such person's words or conduct that such person possesses a deadly weapon, (2) with intent to disfigure the victim

The sentence may more effectively deter a crime that is difficult to discover. We conclude that the sentence imposed did not violate the defendant's constitutional rights.

The judgment is affirmed.

In this opinion the other judges concurred.

seriously and permanently, or to destroy, amputate or disable permanently a member or organ of the victim's body, such person causes such injury to such victim, (3) under circumstances evincing an extreme indifference to human life such person recklessly engages in conduct which creates a risk of death to the victim, and thereby causes serious physical injury to such victim, or (4) such person is aided by two or more other persons actually present. No person shall be convicted of sexual assault in the first degree and aggravated sexual assault in the first degree upon the same transaction but such person may be charged and prosecuted for both such offenses upon the same information."