STATE OF CONNECTICUT *v.* MICHAEL SIVAK
(AC 23353)

Foti, DiPentima and Dupont, Js.

Argued March 29—officially released July 20, 2004

*John R. Gulash, Jr.*, for the appellant (defendant).

*Mitchell S. Brody*, senior assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Mary Elizabeth Baran*, senior assistant state's attorney, for the appellee (state).

*Opinion*

DUPONT, J. The defendant, Michael Sivak, appeals from the judgment of conviction, rendered after a jury trial, of assault in the first degree in violation of General Statutes § 53a-59 (a) (1).[1] The defendant claims that the trial court improperly (1) instructed the jury on the intent element of the crime, (2) disallowed his testimony on his state of mind, (3) disallowed the cross-examination of a witness and (4) imposed an unconstitutional five year mandatory minimum sentence.[2] We conclude that the court's instruction on the intent element of § 53a-59 (a) (1) was incorrect and necessitates a new trial. In view of this conclusion, it is unnecessary to reach the remaining issues.

The following facts and procedural history are relevant to the defendant's appeal. The defendant's arrest

---

[1] General Statutes § 53a-59 (a) (1) provides in relevant part: "A person is guilty of assault in the first degree when: (1) With intent to cause serious physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument . . . ."

[2] The defendant seeks alternate relief, resentencing under nonmandatory sentencing provisions or a new trial. The defendant argues, as he did in the trial court, that the imposition of the mandatory five year sentence deprived him of equal protection of the law because the penalty exceeds the penalty for more culpable offenses such as manslaughter, attempt to commit murder and conspiracy to commit murder. That argument was unavailing in *State v. Minor*, 80 Conn. App. 87, 94–96, 832 A.2d 697, cert. denied, 267 Conn. 907, 840 A.2d 1172 (2003).

stems from an incident that occurred outside a bar in New Haven where the defendant and a group of his friends had gone. Also at the bar were Michael Stosse and a group of his friends. A confrontation ensued between Mike Hammond, described as a friend of the defendant, the defendant, Stosse, and Stosse's friends. The defendant and some of his friends were ejected from the bar. When Stosse and his friends left the bar some time later, Stosse and Hammond were involved in another altercation in which the defendant, the defendant's friends, Stosse and friends of Stosse were either involved or present. Stosse pushed or punched Hammond. At some point in the confrontation, the defendant stabbed Stosse. The defendant testified at trial, claiming self-defense and accident. The defendant was charged with assault in the first degree in violation of § 53a-59 (a) (1), attempt to commit assault in the first degree in violation of General Statutes §§ 53a-49 (a) and 53a-59 (a) (1), and assault in the first degree in violation of § 53a-59 (a) (3). The defendant was found guilty of having violated § 53a-59 (a) (1) and not guilty of the other two charges.

Before beginning our discussion of the court's charge to the jury on the element of intent as provided in § 53a-59 (a) (1), we must make clear that the defendant preserved his claim as to the impropriety of the charge[3] and that the state concedes that the charge incorrectly instructed the jury as to § 53a-59 (a) (1) because the charge referred to an inapplicable portion of the statutory definition of intent as stated in General Statutes § 53a-3 (11).[4] The state acknowledges in its brief that

[3] The defendant is entitled to full review without necessitating the need to invoke State v. Golding, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), or the doctrine of plain error review. See Practice Book § 60-5.

[4] General Statutes § 53a-3 provides in relevant part: "Definitions. . . . (11) A person acts 'intentionally' with respect to a result or to conduct described by a statute defining an offense when his conscious objective is to cause such result or to engage in such conduct . . . ."

the "instructions covered (correctly) intent to cause the specific result of serious physical injury and (erroneously) general intent to engage in the conduct underlying the assault allegation."[5] The state claims, however, that scrutiny of the pertinent instructions as a whole reveals that they properly apprised the jury that the element of intent could be satisfied only by a finding of intent to cause the specific result of serious physical injury. The defendant claims that because he raised self-defense, his intent to cause serious physical injury (a specific result), rather than the intent to use a knife (specific conduct), was crucial, and that the charge, viewed as a whole, deprived him of the due process right to a fair trial by unconstitutionally reducing the state's burden of proof.[6] We agree with the defendant.

Defense counsel objected to the court's reading of the entire definitional language of § 53a-3 (11) on the ground that the defendant was not charged under § 53a-59 (a) (1) with *intended conduct,* but with the *intended result* of causing serious physical harm. The court, however, decided that defense counsel's objection was not apt and stated that "in thinking over the evidence, I think [the defendant's] conduct—the full definition of intent is applicable in view of the evidence in this case. You wanted just the result part of it instead of conduct?" Defense counsel responded: "Right, and I—and I guess my objection would be to clarify that we would only

[5] The state, in its brief, correctly states that "[t]he starting point for the inquiry into the propriety of the charge in this case on the element of intent under General Statutes § 53a-59 (a) (1) . . . is acknowledgement of the fact that the trial court incorrectly read to the jury, in language tracking General Statutes § 53a-3 (11), the entire statutory definition of intent, when the only applicable part of that definition was the portion concerning an actor's conscious objective to . . . cause [a] result . . . ." (Internal quotation marks omitted.)

[6] Subsequent to the jury's verdict of guilty, the defendant filed a motion for a judgment of acquittal, claiming that the evidence did not support the finding that he acted with the requisite specific intent to cause serious physical injury. The motion was denied.

appear to apply to that last count, namely, the—under circumstances evincing extreme indifference [in § 53a-59 (a) (3)]. It would appear to apply to conduct there, as it would seem to appear to the result in relation to all the counts of specific intent of assault one and assault, two, Your Honor." Thus, the defendant directed the court to the specific misstatement, but, as the state concedes, the court persisted in not limiting its instruction on *conduct* to the third count, making the charge applicable to the definition of intent as to all three counts.

The jury sought clarification of the court's charge as to the first two counts of the information, and on the lesser included offense of the first count. In response, the court prepared a summary sheet listing the elements of the offenses, including the third count about which the jury had not inquired. After the court told the jury that the court had prepared the summary sheet, the court stated: "In the first count [which alleged a violation of § 53a-59 (a) (1)], the state must prove that the defendant had the intent to cause serious physical injury, had the intent to use a dangerous instrument, and he caused serious physical injury and was not acting in self-defense." Thus, the court again indicated that the defendant would be guilty of the first count if he intended the conduct, namely, the use of a dangerous instrument. Shortly after the jury received this instruction and the court's chart, the jury found the defendant guilty of the first count, assault in the first degree in violation of § 53a-59 (a) (1).

Although the court in some portions of its charge correctly limited a finding of guilty of § 53a-59 (a) (1) to require a finding of intent to cause serious physical injury, in other portions it added to the mistake. For example, immediately after improperly charging the jury as to the inapplicable alternative definition of intent, the court distinguished intentional *conduct* from

unintentional *conduct*, rather than distinguishing between intended serious physical injury and unintentional serious physical injury. Also, the court's instruction as to how to determine intent was couched in terms of *conduct.*

"Assault in the first degree is a specific intent crime. It requires that the criminal actor possess the specific intent to cause serious physical injury to another person." *State* v. *Holmes*, 75 Conn. App. 721, 736–37, 817 A.2d 689, cert. denied, 264 Conn. 903, 823 A.2d 1222 (2003). The court, therefore, improperly instructed the jury on the conduct element of intent. To be convicted of assault in the first degree, one must have the intent to cause the result, that is, to cause serious physical injury. The court gave instructions that intent was related to engaging in proscribed conduct *or* causing a desired result.

It is axiomatic that the definition of intent as provided in § 53a-3 (11) embraces both the specific intent to cause a result and the general intent to engage in proscribed conduct. It has become axiomatic, through decisional law, that it is improper for a court to refer in its instruction to the entire definitional language of § 53a-3 (11), including the intent to engage in conduct, when the charge relates to a crime requiring only the intent to cause a specific result. See *State* v. *Francis*, 246 Conn. 339, 358, 717 A.2d 696 (1998); *State* v. *Austin*, 244 Conn. 226, 232–37, 710 A.2d 732 (1998); *State* v. *Prioleau*, 235 Conn. 274, 322, 664 A.2d 743 (1995); *State* v. *Holmes*, supra, 75 Conn. App. 736–37; *State* v. *Pereira*, 72 Conn. App. 545, 575, 805 A.2d 787 (2002), cert. denied, 262 Conn. 931, 815 A.2d 135 (2003); *State* v. *DeBarros*, 58 Conn. App. 673, 678, 755 A.2d 303, cert. denied, 254 Conn. 931, 761 A.2d 756 (2000); *State* v. *Chasse*, 51 Conn. App. 345, 369–70, 721 A.2d 1212 (1998), cert. denied, 247 Conn. 960, 723 A.2d 816 (1999); *State* v.

*Jaynes*, 36 Conn. App. 417, 426–30, 650 A.2d 1261 (1994), cert. denied, 233 Conn. 908, 658 A.2d 980 (1995).

In all of the previously cited cases except *DeBarros*, the conviction of the crime requiring a specific intent was upheld despite the improper charge as to intent because the trial court also, in other portions of the charge, gave a proper statement of the intent element so that the instruction, although erroneous, was not harmful beyond a reasonable doubt, that is, it did not mislead the jury. See, e.g., *State* v. *Austin*, supra, 244 Conn. 236–37. At least eight cases in this court or the Supreme Court have concluded that an instruction that contained all of the language of § 53a-3 (11), when the crime at issue involved only the specific intent to cause serious physical injury, was incorrect.

In all of the cases except *Prioleau* and *Austin*, the incorrect instruction was not excepted to in the trial court.[7] Because the charge was not objected to in most of the cases previously cited, the defendant, on appeal in those cases, sought review under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), or the plain error doctrine pursuant to Practice Book § 60-5 and relief pursuant thereto. Here, the defendant took exception and requested a proper instruction. Thus, the claim clearly was preserved and is reviewable.

Once it has been determined, as it has in this case, that there is a defect in the charge as to an essential element of the crime, it must next be decided whether the defect was harmful and requires a new trial. The answer lies in whether, in view of the entire charge, it is reasonably possible that the defective instruction misled the jury and thereby contaminated the verdict.

[7] It is not stated in *Prioleau* whether the defendant objected to the reading of the entire statutory definition of General Statutes § 53a-3 (11). In *Austin*, the defendant did object to the instruction on intent to engage in conduct.

See *State* v. *Bunleut*, 82 Conn. App. 648, 656, 846 A.2d 912 (2004).

In the prior cases where the same improper charge as to intent was given, the courts have counted the number of times the intent charge was proper, as opposed to the number of times it was improper. For example, in *State* v. *Prioleau*, supra, 235 Conn. 322, the wrong instruction was given once, and in *State* v. *Austin*, supra, 244 Conn. 233–34, it was given twice, and the charge, in both cases, when read as a whole, was found not to have misled the jury. In *State* v. *DeBarros*, supra, 58 Conn. App. 683, in which the claim was unpreserved, the wrong instruction was given ten times and was held to have guided the jury to an incorrect verdict, thereby requiring a new trial.[8]

The improper instruction in this case has been held to be improper by both the Supreme Court and this court a number of times. We believe that the charge should not be allowed to survive the defendant's appellate attack, particularly when other language relating to intent in the same charge is misleading. At some point, appellate review should consist of more than a numerical count of how many times the instruction was correct rather than incorrect.

The question of whether a jury instruction led to an unreliable verdict is gauged not only by the language of the entire charge, but by the evidence as well. *State* v. *Ash*, 231 Conn. 484, 496–97, 651 A.2d 247 (1994). Here, the issue of self-defense, and whether the defendant intended to cause serious physical injury, was crucial to the jury's decision. As the court noted at sentencing, the tragic situation for both the defendant and the per-

---

[8] In *DeBarros*, the court reviewed the unpreserved claim under *Golding*, but did not undertake plain error review.

son stabbed undoubtedly involved the drinking of both individuals.[9]

On the basis of the conflicting testimony by the friends of the victim and the friends of the defendant, as well as that of the victim and the defendant, the charge on intent to cause serious physical injury was key to the issue of the defendant's guilt. The verdict of guilty cannot stand in the face of the particular evidence and the charge to the jury.

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.

---

[9] The defendant never had been arrested before, and the court noted that it never had read a more favorable presentence investigation report.