******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# STATE OF CONNECTICUT *v.* FREDERICK M. DAVIS
## (AC 40694)

Sheldon, Elgo and Beach, Js.

*Syllabus*

The defendant appealed to this court from the judgment of the trial court revoking his probation and sentencing him to a term of nine years incarceration in connection with his failure to complete required substance abuse and mental health treatment, and after he tested positive for cocaine and marijuana, and was arrested on multiple drug related charges. A hearing was held before the Superior Court in Norwalk during which a public defender indicated to the court that she represented the defendant and that the defendant's case was going to be transferred to the Superior Court in Bridgeport. The prosecutor did not voice any disagreement with the public defender's representation, and the trial court ordered the transfer of the case to the Bridgeport Superior Court. Subsequently, the defendant filed a motion to dismiss the violation of probation action for lack of jurisdiction, claiming that the trial court improperly transferred the matter in contravention of the rule of practice (§ 41-23 [2]) that permits the judicial authority to order that any pending criminal matter be transferred to any other court location if the defendant and the prosecuting authority consent. After the trial court denied the motion to dismiss, a hearing on the violation of probation charge was held. At the conclusion of the adjudicatory phase of the proceeding, the court found, by a fair preponderance of the evidence, that the defendant had violated the terms of his probation. The defendant thereafter requested a continuance of the dispositional phase of the probation revocation proceeding until all pending criminal matters against him were resolved to protect his right of allocution, and the trial court continued the matter for two weeks, but denied his subsequent request for another continuance. At the conclusion of the dispositional phase of the proceeding, the trial court found that the beneficial aspects of rehabilitation no longer were being served by probation and, accordingly, revoked the defendant's probation. *Held*:

1. The defendant could not prevail on his claim that the trial court improperly denied his motion to dismiss for lack of jurisdiction due to the allegedly improper transfer of the case to the Bridgeport Superior Court: the defendant's claim that the Bridgeport Superior Court lacked jurisdiction over his probation revocation proceeding was essentially an objection to venue rather than to jurisdiction, and because a claim of improper venue is procedural in nature, the defendant's claim was untenable; moreover, the trial court did not abuse its discretion in granting the public defender's transfer request, as the transcript of the subject hearing made clear that the state and the defendant had agreed to the transfer, which belied the defendant's claim that the transfer contravened § 41-23.

2. The defendant's unpreserved claim that the trial court violated his constitutional right to be present at a critical stage of the probation revocation proceeding failed under the forth prong of *State* v. *Golding* (213 Conn. 233), the state having demonstrated the harmlessness of any error beyond a reasonable doubt: the defendant's claim that his ability to defend against the violation of probation charge was adversely affected by his absence from the hearing on the change of venue was unavailing, because although the defendant asserted that he could have made a meaningful contribution to the proceedings by stating his objection as to whether to transfer the case to the Bridgeport Superior Court, he did not identify any objection that he would have raised and no such objection was articulated in either the pleadings or the transcripts before this court, and, therefore, the possible basis of his purported objection was speculative; moreover, the defendant did not claim that he was denied a fair and impartial hearing before the Bridgeport Superior Court, and the record indicated that he resided in Bridgeport, that the criminal offenses detailed in the violation of probation arrest warrant application all transpired in Bridgeport, that three members of the Bridgeport Police Department provided detailed testimony at the probation revocation

proceeding about the events that gave rise to the defendant's arrest for multiple drug related felonies and that the defendant's probation officer testified as to the defendant's failure to complete substance abuse and mental health treatment and his failed urinalysis test, and there was nothing to suggest that if the probation revocation proceeding had been conducted in the Norwalk Superior Court, the state would have been incapable of offering the same witnesses and evidence and, consequently, of meeting its burden of proof.

3. The defendant could not prevail on his claim that the trial court improperly denied his request for a continuance of the dispositional phase of the probation revocation proceeding until all pending criminal matters were resolved to protect his right of allocution; in light of the state's stipulation at the probation revocation proceeding that any statements made by the defendant during allocution would not be used against him in his pending criminal proceedings and the trial court's representation to that effect, and that the defendant could enforce the agreement, the defendant's claim was controlled by *State* v. *Blake* (289 Conn. 586), in which our Supreme Court concluded that in light of a similar stipulation made by the state and the trial court's representation, there was nothing to suggest that the defendant was not provided a full and fair opportunity to exercise his right to allocution.

Argued October 17—officially released December 4, 2018

*Procedural History*

Information charging the defendant with violation of probation, brought to the Superior Court in the judicial district of Stamford-Norwalk, geographical area number twenty, and transferred to the judicial district of Fairfield, geographical area number two, where the matter was tried to the court, *Holden, J.*; thereafter the court denied the defendant's motion to dismiss; judgment revoking the defendant's probation, from which the defendant appealed to this court. *Affirmed.*

*Robert J. McKay*, assigned counsel, for the appellant (defendant).

*Brett R. Aiello*, special deputy assistant state's attorney, with whom, on the brief, were *John C. Smriga*, state's attorney, and *Richard Palombo*, senior assistant state's attorney, for the appellee (state).

*Opinion*

ELGO, J. The defendant, Frederick M. Davis, appeals from the judgment of the trial court revoking his probation and committing him to the custody of the Commissioner of Correction for nine years. On appeal, the defendant claims that the court (1) improperly denied his motion to dismiss predicated on an alleged lack of jurisdiction, (2) violated his constitutional right to be present at a critical stage of the probation revocation proceeding, and (3) improperly denied his request for a continuance. We affirm the judgment of the trial court.

On May 26, 2016, the defendant pleaded guilty to possession of narcotics with intent to sell in violation of General Statutes § 21a-277 (a). The court sentenced the defendant to a term of twelve years incarceration, execution suspended, with five years of probation. The conditions of his probation required, inter alia, that the defendant "not violate any criminal law of the United States, this state or any other state or territory," that he submit to random urinalysis, and that he obtain substance abuse and mental health treatment.

Following the commencement of his probationary period, the defendant was referred to Connecticut Renaissance by his probation officer, Matthew A. Maiorano, for a substance abuse and mental health evaluation. When the defendant repeatedly failed to report for scheduled appointments, he was discharged from that treatment center. Maiorano also performed a urinalysis on the defendant in August, 2016, which tested positive for cocaine and marijuana. In addition, the defendant was arrested on August 15, 2016, and charged with multiple drug related felonies, including possession of narcotics with intent to sell by a person who is not drug-dependent in violation of General Statutes § 21a-278 (b) and sale of narcotics in violation of § 21a-277 (a).[1]

In response, Maiorano filed an arrest warrant application for the defendant's violation of the terms of his probation. In an accompanying affidavit, Maiorano alleged that the defendant's "continued negative behaviors, polysubstance abuse and continued narcotics trafficking indicate that the beneficial purposes for which [he] was initially placed on [p]robation . . . are no longer being served." The state then filed an information alleging that the defendant had breached the terms of his probation in violation of General Statutes § 53a-32.

On January 17, 2017, a hearing was held before the Norwalk Superior Court. When the matter was called, Attorney M. Elizabeth Reid from the Office of the Public Defender first indicated that she represented the defendant. After a brief colloquy with the court, she then stated: "Judge, as much as I'd love to represent [the defendant] here, this matter is actually going to be transferred to [geographical area number two] in Bridgeport

for February [14, 2017]." The court at that time transferred the matter to the Bridgeport Superior Court.

On April 19, 2017, the defendant filed a motion to dismiss the violation of probation action for lack of jurisdiction "over the defendant or the subject matter." In that motion, the defendant claimed that the court improperly transferred the matter from the Norwalk Superior Court to the Bridgeport Superior Court, in contravention of Practice Book § 41-23.[2] He filed a supplement to that motion a week later, in which he argued that a probation revocation proceeding is a criminal matter. The court heard argument from the parties on that motion, in which the defendant's new public defender in Bridgeport maintained that the Bridgeport Superior Court lacked jurisdiction over the probation revocation proceeding due to the allegedly improper transfer. The court thereafter denied the motion to dismiss.

The defendant rejected a plea offer from the state and a hearing on the violation of probation charge commenced on April 27, 2017. At that hearing, Maiorano testified as to the defendant's noncompliance with the terms of his probation. In addition, the state presented the testimony of three members of the Bridgeport Police Department who were involved in the August 15, 2016 arrest of the defendant; see footnote 1 of this opinion; which testimony the court expressly credited. When the adjudicatory phase of that proceeding concluded, the court found, by a fair preponderance of the evidence, that the defendant had violated the terms of his probation in multiple respects.[3]

Defense counsel then requested a continuance of the dispositional phase of the probation revocation proceeding until all pending criminal matters were resolved "due to [the defendant's] right of allocution" as codified in Practice Book § 43-10. After hearing initial arguments from the parties on that request, the court continued the matter approximately two weeks. When the parties again appeared before the court on May 12, 2017, the court heard further arguments on the defendant's continuance request, which it then denied. At the conclusion of the dispositional phase of the proceeding, the court found that the beneficial aspects of rehabilitation no longer were being served by probation. The court, therefore, revoked the defendant's probation and sentenced him to a term of nine years incarceration. This appeal followed.

I

The defendant claims that the court improperly denied his motion to dismiss this violation of probation action for lack of jurisdiction due to the allegedly improper transfer of the matter to the Bridgeport Superior Court. For two distinct reasons, we disagree.

First, the defendant has provided no authority to sup-

port his bald assertion that the allegedly improper transfer of his case presents a jurisdictional issue. To paraphrase the observation of our Supreme Court in *Savage* v. *Aronson*, 214 Conn. 256, 263, 571 A.2d 696 (1990), the defendant's claim that his case was not properly before the Bridgeport Superior Court "is essentially an objection to venue rather than to jurisdiction, because it does not implicate the authority of the Superior Court to entertain the case but involves only the question of whether one [geographical area] of that court rather than another properly should have heard" his probation revocation proceeding. "Venue simply concerns the location where the matter may be tried"; *In re Shonna K.*, 77 Conn. App. 246, 256, 822 A.2d 1009 (2003); and "is not a jurisdictional question but a procedural one." (Internal quotation marks omitted.) *Savage* v. *Aronson*, supra, 263; see also *State* v. *Kelley*, 206 Conn. 323, 332, 537 A.2d 483 (1988) (noting that "venue, unlike subject matter jurisdiction, can be waived by the parties" because "venue is not a jurisdictional but a procedural question"). Because a claim of improper venue is procedural in nature, the defendant's claim that the Bridgeport Superior Court lacked jurisdiction over his probation revocation proceeding is untenable.

Second, the transcript of the January 17, 2017 hearing belies the defendant's claim that the transfer in question contravened Practice Book § 41-23. That one page transcript states:

"[The Prosecutor]: Frederick Davis.

"The Clerk: 105.

"[Defense Counsel]: Liz Reid for [the defendant], Judge. He's present. He was the sleepy person in the courtroom.

"The Court: I excused him to the hallway. I'm sorry I could not keep him awake.

"[Defense Counsel]: It's not—

"The Court: I know that I'm a very boring person.

"[Defense Counsel]: It wasn't for the riveting discussion that was going on here, Judge.

"The Court: Well, the snoring was a tad too much.[4]

"[Defense Counsel]: Judge, as much as I'd love to represent [the defendant] here, this matter is actually going to be transferred to [geographical area number two] in Bridgeport for February [14, 2017].

"The Court: Okay. G.A. two, Bridgeport, for February 14.

"[Defense Counsel]: Thank you." (Footnote added.)

The decision to grant a change of venue request is entrusted to the discretion of the trial court. *State* v. *Reynolds*, 264 Conn. 1, 222, 836 A.2d 224 (2003), cert.

denied, 541 U.S. 908, 124 S. Ct. 1614, 158 L. Ed. 2d 254 (2004). Pursuant to Practice Book § 41-23 (2), the judicial authority "may order that any pending criminal matter be transferred to any other court location . . . [i]f the defendant and the prosecuting authority consent . . . ." At the outset of the January 17, 2017 hearing, the public defender indicated that she represented the defendant. She then apprised the court that "this matter is actually going to be transferred" to the Bridgeport Superior Court. The prosecutor, who was present at that time, voiced no disagreement with that representation, and the court thereafter ordered the transfer of the case in accordance therewith. In denying the defendant's motion to dismiss, the court concluded that the transcript was "clear" that the state and the defendant had agreed to that transfer. We agree. On our review of the record, we conclude that the court did not abuse its discretion in granting the transfer request submitted by defense counsel. For that reason, the trial court properly denied the defendant's subsequent motion to dismiss.

II

The defendant also claims that the court violated his constitutional right to be present at a critical stage of the probation revocation proceeding.[5] Because he did not preserve that claim at trial, the defendant must resort to the familiar rubric of *Golding* review, under which "[a] defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation . . . exists and . . . deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. In the absence of any one of these conditions, the defendant's claim will fail. The appellate tribunal is free, therefore, to respond to the defendant's claim by focusing on whichever condition is most relevant in the particular circumstances." (Emphasis in original.) *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), as modified by *In re Yasiel R.*, 317 Conn. 773, 781, 120 A.3d 1188 (2015). We conclude that the defendant's claim fails *Golding*'s fourth prong.

"[A] criminal defendant has a constitutional right to be present at all critical stages of his or her prosecution. . . . Although the constitutional right to be present is rooted to a large extent in the confrontation clause of the sixth amendment, courts have recognized that this right is protected by the due process clause in situations when the defendant is not actually confronting witnesses or evidence against him." (Internal quotation marks omitted.) *State* v. *Campbell*, 328 Conn. 444, 467,

180 A.3d 882 (2018). Under established law, a critical stage is "a step of a criminal proceeding . . . that [holds] significant consequences for the accused." *Bell* v. *Cone*, 535 U.S. 685, 695–96, 122 S. Ct. 1843, 152 L. Ed. 2d 914 (2002).

On appeal, the state submits that the January 17, 2017 hearing on the change of venue was not a critical stage of the defendant's probation revocation proceeding. We need not resolve that question of constitutional dimension because we conclude that the state has demonstrated the harmlessness of any constitutional violation beyond a reasonable doubt.

"[A]n otherwise valid conviction should not be set aside if the reviewing court may confidently say, on the whole record, that the constitutional error was harmless beyond a reasonable doubt. . . . In evaluating whether a denial of presence [from a critical stage of the proceedings] is harmless, [w]e first determine whether the defendant's presence . . . would have contributed to his ability to defend against the charges. . . . We then consider the evidence presented at trial." (Citations omitted; internal quotation marks omitted.) *State* v. *Ralph B.*, 162 Conn. App. 583, 604, 131 A.3d 1253 (2016).

On the undisputed facts of this case, we fail to perceive how the defendant's ability to defend against the violation of probation charge was adversely affected by his absence from the January 17, 2017 hearing on the change of venue. In his appellate brief, the defendant maintains that he "could have made a meaningful contribution to the proceedings by stating his objection . . . as to whether or not to transfer" the matter to the Bridgeport Superior Court. Yet the defendant in his appellate brief has not identified *any* objection that he would have raised to the transfer proposed on the record by his own legal counsel.[6] Furthermore, no such objection is articulated in either the pleadings or the transcripts before us. We thus are left to speculation and conjecture as to the possible basis of the defendant's purported objection, which "have no place in appellate review." (Internal quotation marks omitted.) *State* v. *Joseph*, 174 Conn. App. 260, 274, 165 A.3d 241, cert. denied, 327 Conn. 912, 170 A.3d 680 (2017).

In addition, the defendant does not claim that he was denied a fair and impartial hearing before the Bridgeport Superior Court. The record before us indicates that the defendant resided in Bridgeport at all relevant times.[7] The criminal offenses detailed in the violation of probation arrest warrant application all transpired in Bridgeport and three members of the Bridgeport Police Department testified as witnesses at the probation revocation proceeding. Those witnesses provided detailed testimony about the events of August 15, 2016, that gave rise to the defendant's arrest for multiple drug related felonies. In addition to offering testimony

regarding that arrest, the defendant's probation officer also testified as to the defendant's failure to complete substance abuse and mental health treatment and his failed urinalysis test. In its appellate brief, the state argues that there is "nothing to suggest that had the violation of probation hearing been conducted in Norwalk, that the state would have been incapable of offering the same witnesses and evidence and, consequently, [of] meeting its burden of proof . . . ." We agree and, accordingly, conclude that the state has demonstrated the harmlessness of any error beyond a reasonable doubt.

## III

As a final matter, we briefly address the defendant's contention that the court improperly denied his request for a continuance of the dispositional phase of the probation revocation proceeding until all pending criminal matters were resolved to protect his right of allocution. His claim is identical to that raised in *State* v. *Blake*, 289 Conn. 586, 958 A.2d 1236 (2008). In *Blake*, the defendant argued that the trial court violated his right to allocution "when it denied his request for a continuance of the dispositional phase of the violation of probation hearing to wait for a final resolution of the underlying criminal charges." Id., 588–89. The trial court in that case responded to the defendant's continuance request by offering to enter an order that any statements made by the defendant during allocution could not be used against him in a subsequent criminal trial, and the state then stipulated to that order. Id., 596. On appeal, our Supreme Court concluded that, in light of "the state's stipulation and the court's representation, there is nothing to suggest that the defendant was not provided a full and fair opportunity to exercise [his] right [of allocution]." Id., 597–98. The court further emphasized that, under the terms of that stipulation, "the defendant would have had the right to hold the state to its promise not to *use* his statements against him at trial."[8] (Emphasis added.) Id., 597.

In the present case, *Blake* was discussed at length during argument on the defendant's continuance request. After specifically referencing *Blake*, the prosecutor agreed "that anything [the defendant] says [during allocution] which does inadvertently inculpate himself would not—the state would not use that against him" in his pending criminal proceedings. In light of that stipulation by the state, the court at the May 12, 2017 hearing noted "the offer by the state to agree that whatever [the defendant] says, should it touch on any matter pending, [it] would not be used against him should he go to trial" on the pending criminal matters. The court then indicated that the defendant "has a right of allocution if he so desires. If he says anything that may impact upon [his criminal] trial, the state has agreed not to use it, and you can enforce that agreement." At oral

argument before this court, defense counsel was asked, given the state's stipulation and the representation by the trial court, whether he could distinguish *Blake* from the present case; counsel conceded that he could not. We agree that *Blake* controls the present case. The defendant's claim, therefore, fails.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] At the probation revocation proceeding, the state presented the testimony of Officers Carlos Vazquez, Cody Remy, and Douglas Bepko of the Bridgeport Police Department, who observed the conduct of the defendant on August 15, 2016, that gave rise to those charges. On that date, the officers were surveilling a Sunoco gas station as part of a violent crime initiative in Bridgeport when the defendant engaged in what appeared to be a narcotics transaction. During a search of the motor vehicle operated by the defendant, the officers discovered a purse containing "three bundles of white glassine envelopes" filled with heroin.

[2] Practice Book § 41-23 provides: "Upon motion of the prosecuting authority or the defendant, or upon its own motion, the judicial authority may order that any pending criminal matter be transferred to any other court location:

"(1) If the judicial authority is satisfied that a fair and impartial trial cannot be had where the case is pending;

"(2) If the defendant and the prosecuting authority consent; or

"(3) Where the joint trial of informations is ordered pursuant to Section 41-19 and the cases are pending in different judicial districts or geographical areas."

[3] The defendant in this appeal does not contest that determination.

[4] The April 27, 2017 transcript reflects that the defendant also fell asleep during his probation revocation hearing.

[5] The defendant in this appeal has not identified any provision of our state constitution nor asserted a claim thereunder. We therefore confine our review to his claim under the federal constitution. See, e.g., *State* v. *Skok*, 318 Conn. 699, 701–702 n.3, 122 A.3d 608 (2015).

[6] The defendant's principal appellate brief contains two sentences of analysis on this claim; he did not file a reply brief.

[7] A Bridgeport address for the defendant is listed on both the arrest warrant application and the information. At the violation of probation hearing, Maiorano testified that the defendant "was initially placed on probation . . . out of [the] Norwalk [Superior] Court. [His probation] was then transferred to [the] Bridgeport [Superior Court] because [the defendant] resided in Bridgeport and that's how supervision would work."

[8] In analyzing the defendant's claim, the court in *Blake* recognized that "certain fundamental precepts were in play," including the applicability of "a defendant's right to allocution . . . to the dispositional phase of a violation of probation proceeding." *State* v. *Blake*, supra, 289 Conn. 595. The court further emphasized that because "the right to allocution can be used effectively to influence a judge's discretion . . . the opportunity to allocate must be meaningful." Id., 597. Given those fundamental precepts, we presume that the court was referencing both direct and derivative use of such allocution testimony when it concluded that the trial court resolved the allocation issue "in a manner consistent with [the defendant's] wishes." Id.